## Jewel Tea Company, Appellee, v. A. T. Petersen, Appellant.

### Gen. No. 6,220. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Bill by Jewel Tea Company, complainant, to enjoin A. T. Petersen, defendant, from entering into the same business as that of complainant in violation of a contract of employment. From an order granting a temporary injunction, defendant appeals.

JOHN B. KING and LEO G. HANA, for appellant.

KIRK & SHURTLEFF, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. INJUNCTION, § 159*—*when order for issuance of temporary injunction valid.* The fact that a prayer for a temporary injunction is in a paragraph preceding the prayer for a summons instead of in such latter paragraph does not render an order for the issue of a temporary injunction invalid.

2. INJUNCTION, § 385*—*when order requiring injunction bond with security approved by clerk harmless error.* The fact that an order for a temporary injunction provides for an injunction bond with security to be approved by the clerk of the court instead of by the court, as is required by statute, does not constitute reversible error, as the obligors cannot escape liability on such ground.

3. INJUNCTION—*when temporary injunction properly granted on answer.* On a bill for a temporary injunction to restrain defendant from engaging in the same business as complainant in violation of an employment contract, *held* that an injunction was properly

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

granted after answer filed, where a copy of the contract was attached to the bill and defendant did not deny that it was a true copy, and admitted the making of the contract, that it was terminated, and that he had gone into the same business and sought to trade with customers of the company, all of which was in violation of the contract.

4.   CONTRACTS, § 285*—*what does not constitute abandonment of contract not to engage in same business.* Where a contract of employment with a grocery company selling direct to consumers by wagons provides that the servant is employed not only to take orders for and deliver teas, etc., but also "to perform such other duties as the party of the first part may from time to time specify and require of him," the fact that the duties of the servant are changed during the term of employment from that of wagon man and route agent to office duties in a branch office does not constitute an abandonment of other terms of the contract not to engage in the same business for a certain period.

5.   INJUNCTION, § 159*—*when bill to enjoin defendant from engaging in same business in violation of contract does not allege rescission of contract.* On a bill for a temporary injunction to restrain defendant from engaging in the same business as complainant in violation of a written contract of employment, allegations in the bill that on a certain date, in consideration of a certain sum paid by complainant to defendant and accepted by him as payment for one week's salary in advance, the contract of employment was then terminated by mutual agreement, when construed with other allegations in the bill, *held* to mean that defendant's employment was mutually terminated and that the written contract was not abrogated.

6.   ESTOPPEL, § 47*—*when employer not estopped to assert equitable rights by injunction against employee engaging in same business in violation of contract.* An employer is not precluded from asserting equitable rights by injunction under a written contract of employment, whereby the employee agrees not to engage in the same business during or upon termination of the employment, by neglecting to pay to the employee an additional month's pay upon discharge as provided by the contract, where the employee did not ask for such additional pay.

7.   INJUNCTION, § 80*—*when temporary injunction proper to prevent violation of contract not to engage in same business.* A temporary injunction lies to prevent a former employee of a grocery company from engaging in the same business in violation of the terms of his contract of employment, where the damages which such violation will inflict upon the company are practically impossible of ascertainment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.