We are constrained to overrule the motion for rehearing.

### CITY OF LUBBOCK v. STEAGALL et al.
#### No. 3793.

Court of Civil Appeals of Texas. Amarillo.
Jan. 27, 1932.

Bean & Klett and J. C. Levens, all of Lubbock, for appellant.

Lindsey & Berry, of Lubbock, for appellees.

RANDOLPH, J.

Steagall Bros., a jewelry firm doing business in city of Lubbock, Tex., instituted this proceeding in the district court of Lubbock county to enjoin the enforcement of an ordinance of the city regulating the sale of jewelry by auction. The petitioners prayed for relief as follows:

"Wherefore, plaintiff jointly and severally pray that this Court forthwith issue a temporary order restraining the defendants, City of Lubbock, a municipal corporation, as such corporation, and defendants J. J. Clements, J. F. Bacon, D. N. Leaverton, W. H. Rogers, J. L. Holt, and J. W. Lemond, in their official capacities as officers of the City of Lubbock, from enforcing Ordinance No. 477 of the City of Lubbock, Texas, as to these plaintiffs, their servants, agents, and employees, and from molesting or attempting to molest the plaintiffs or either of them, their servants, agents and employees, and restraining the defendants and each of them from molesting or attempting to molest the plaintiffs, or their servants, agents and employees, in the conducting of their place of business, and the holding of an auction sale at their place of business at 1020 Broadway Street, Lubbock, Texas, and that the defendants and each of them be enjoined from and caused to cease from interfering with the quiet and peaceable enjoyment of these plaintiffs of their place of business, and of carrying on at their place of business an auction sale, and from enforcing Ordinance No. 477, of the City of Lubbock, Texas, as to them, their agents, servants and employees, and the selling of their goods, wares and merchandise at such sale at auction, personally or by or through their agents, servants, or employees.

"Plaintiffs pray that defendants be cited to appear and answer this petition, and that upon final hearing they and each of them have judgment, making said temporary injunction permanent, and establishing their right to hold or maintain an auction sale of merchandise at their place of business at 1020 Broadway Street, Lubbock, Texas, free from any molesting or harming by the defendants or each of them, and keeping the defendants and

each of them from interfering with plaintiffs and their place of business, and holding of auction sales therein, and the enforcing of Ordinance No. 477 of the City of Lubbock, Texas, and decreeing said Ordinance No. 477 of the City of Lubbock, Texas, null and void and of no force and effect, and for costs of suit and such other and further relief, special and general, in law and in equity, that they may show themselves entitled to."

The district judge indorsed his fiat on plaintiffs' petition as follows:

"The attached and foregoing petition having been presented to and heard by the 99th District Court of Lubbock County, Texas, on this the 1st day of December, 1931, and it appearing to the Court from the facts therein, that the applicants are entitled to a temporary restraining order, that the same is within complainant's allegations and prayer; that the delay will not be injurious to either party, and that justice may be subserved thereby.

"It is accordingly ordered that the Clerk of this Court issue a temporary restraining order operative until, and pending the hearing below ordered, and restraining the defendants, City of Lubbock, a municipal corporation, as such corporation, and defendants, J. J. Clements, J. F. Bacon, D. N. Leaverton, W. H. Rogers, J. L. Holt, and J. W. Lemond, in their official capacities as officers of the City of Lubbock, from enforcing Ordinance No. 477 of the City of Lubbock, Texas, as to these plaintiffs, their servants, agents, and employees and from molesting or attempting to molest the plaintiffs or either of them, their servants, agents and employees, and restraining the defendants and each of them from molesting or attempting to molest the plaintiffs, or their servants, agents and employees, in the conducting of their place of business, and the holding of an auction sale at their place of business at 1020 Broadway Street, Lubbock, Texas, and that the defendants and each of them be enjoined from and caused to cease from interfering with the quiet and peaceable enjoyment of these plaintiffs of their place of business, and of carrying on at their place of business an auction sale, and from enforcing Ordinance No. 477 of the City of Lubbock, Texas, as to them, their agents, servants and employees, and the selling of their goods, wares and merchandise at such sale at auction, personally or by or through their agents, servants, or employees. Which order shall be effective, conditioned upon the complainant executing in behalf of the defendant, a bond conditioned as the law requires in the sum of $1000.00.

"The Clerk of this Court shall quote this Fiat and embody such order in a writ which shall also require the defendants to appear in the Court room of this Court on the 10th day of December, A. D. 1931, to show cause why an injunction should not be granted on this petition, which shall be effective until final decree in this suit. This order shall be served by the Sheriff or any Constable.

"This the 1st day of December, A. D. 1931.

"Clark M. Mullican,
"Judge 99th District Court,
Lubbock County, Texas."

On the granting of this order by the district judge, the city of Lubbock appealed therefrom.

■■■ Preliminary to a consideration of the appeal on its merits, we are confronted with a motion by appellees to dismiss the appeal upon two grounds, only one of which is necessary for us to discuss. That ground is because the questions involved in the appeal have become and are now moot because the restraining order, by express order of the court issuing the same, was operative only until and pending the hearing which was ordered by the court. The contention of the motion is that, while the appeal was pending, the date of the hearing had been reached and passed, and nothing further having been done in the matter, the restraining order had by its own terms expired. Hence, there is nothing for this court to consider.

In the oral argument before the court, counsel for appellees stated that when the appeal was taken, recognizing that such appeal could not possibly be reached in this court before the time the district judge had set for hearing had passed, counsel for both parties agreed to pass the matter of hearing so set and so advised the district judge, consequently nothing further as to such hearing had been done.

Considering the record only, there is and can be no question but that the language of the fiat fixes the expiration of the date of the effectiveness of the restraining order. The judge specifically orders the clerk to issue a temporary restraining order "operative until and pending the hearing below ordered." The order setting the date for hearing set it specifically for the 10th day of December, 1931. In the record there is no order extending the time of the hearing to some other date. We are not authorized by law to consider ex parte statements of counsel to supplement the record.

Judge Gaines, in the case of Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, 16, classifies injunctions as follows: (1) A restraining order (defining it); (2) one which is intended to operate and does operate unless dissolved by an interlocutory order, until final hearing; (3) a perpetual injunction to be ordered on final decree.

In that case a motion was made to punish the respondents for contempt in disobeying an injunction. Proceeding upon the theory that the restraining order issued by the district judge was a continuing one, and that

the order of dissolution was suspended by the appeal, and also that the injunction issued by the judges of the Court of Civil Appeals continued in force until the application for the writ of error had been disposed of, the motion to punish for contempt was filed. After setting out the three characters of restraining orders, as above stated, Judge Gaines says:

"The question then presents itself, under which of the rules respectively announced in the cases cited does the injunction under consideration fall? This is to be determined by the language of the judge's fiat. It is apparent from that language that the judge of the Eighteenth judicial district considered that, since he was granting an injunction in a case which was triable and which was to be brought in another district, he was performing a very delicate duty, and that he proposed to go no further than was necessary to protect the rights of the plaintiff in the suit. Consequently he directed the clerk of the district court of the Fifty-fourth judicial district to file the petition, and to cite the defendants to appear before the judge of that court on the 26th day of September, 1902, to show cause why a permanent injunction should not be granted, and at the same time to issue 'a restraining order to defendants * * * pending such hearing.' * * * Nor do we think the language of the fiat reasonably admits of a different construction. The clerk was required to issue a restraining order 'pending such hearing.' We think this means the same as if the words had been 'until and pending such hearing,' and that the intention was to limit the operation of the order until such time as the parties could be heard upon the issue whether, under the allegations in the petition and answer, should one be filed, an injunction, to remain in force until the final disposition of the case, should be granted. This construction is also indicated by the words employed in the fiat. It is true that a 'restraining order' is an injunction, but the terms are commonly used to designate a temporary injunction, as distinguished from an injunction which is to remain in force during the pendency of the suit. The learned judge, in effect, directs that a restraining order shall be granted until it is determined whether a permanent injunction shall issue, which means an injunction to remain in force until the final determination of the suit, and not an injunction granted upon the final trial, which is called a 'perpetual injunction.' We therefore conclude that the injunction in this case was intended to operate for a fixed period only, and that it comes within the principle acted upon in the case of Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co. [68 Tex. 163, 7 S. W. 381], above cited."

Judge Phillips holds in the case of Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann.

Cas. 1917B, 121, in following the holding of Judge Gaines in the Riggins Case, that there having been no continuance of the injunction, it expired on the date for the hearing. See, also, Griffith v. State ex rel. Aynsworth (Tex. Civ. App.) 210 S. W. 293.

Especially is this holding based upon the trial court having set a specific date for the hearing before he would issue a temporary injunction. This is indicated by the language of the fiat, and it was only for a short time and on a specific date that he consented to issue his restraining order upon the face of the petition.

It matters not whether the writ issued is denominated a restraining order or a temporary injunction. The rule is the same, if it had upon its face a date upon which it expired.

We therefore sustain the motion and dismiss the appeal in this case.