**CARL COIFFURE, INC., Appellant,**

v.

**Rosendo MOURLOT, Appellee.**

No. 14937.

Court of Civil Appeals of Texas.

Houston.

Dec. 22, 1966.

Rehearing Denied Jan. 12, 1967.

Alvin M. Owsley, Jr., R. Gordon Gooch, Sam G. Croom, Jr., Thad T. Hutcheson, Jr., Houston, attorneys; Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Joseph D. Jamail, John Gano, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from an order of the trial court denying appellant, Carl Coiffure, Inc., a temporary injunction in a suit brought by it to enjoin its former employee, Rosendo Mourlot, from violating the restrictive covenants in an employment contract that was entered into by the parties on April 21, 1964.

In said employment contract appellant agreed to employ appellee for a period of one year from and after the date of such contract, subject to prior termination or extension of employment as provided therein. The contract sets out the duties of appellee as a hair stylist trainee, hair stylist and cosmetician and the compensation that he would receive. On or about May 25, 1966, appellee ceased to work for appellant and let it be known that he was in the process of opening up a competing ladies' hair dressing establishment. The employment contract contains the following restrictive covenants:

"4. *Restrictive Covenants*: Employee agrees that during the period of Employee's employment with Company and for one year thereafter (a) Employee will not directly or indirectly engage in, or become associated with or employed by any individual, firm, corporation or other organization engaged in any business operations within a radius of ten (10) miles from any Beauty Salon of Company in Harris County, Texas, in competition with or substantially similar to those of the Company, (b) Employee will not communicate or divulge, to or for the benefit of any competitor or rival of the Company, any of the trade secrets or processes of beauty culture used by the Company, and (c) Employee will not solicit or divert, or attempt to solicit or divert, any business or patronage from the Company to a competitor or rival of the Company."

The contract provides for injunctive relief in the event the employee should violate any of the restrictive covenants and also provides:

"6. *Term*: This Agreement shall continue for a term of one year and indefinitely thereafter, provided, however, that if during such period Employee shall fail to perform the duties described in paragraph 2 or shall breach or violate any covenant contained in paragraph 4, the employment of Employee shall immediately terminate upon notice thereof by the Company, and provided further that this Agreement may be terminated by either party hereto without cause upon giving ten (10) days notice to the other party."

On the temporary injunction hearing appellant called as a witness one Calvin E. Hubert, but was not permitted to interro-

gate him, since the court upon examining the employment contract stated: "We don't need to hear any evidence, this contract provides that it may be terminated by either party hereto without any cause upon giving ten days' notice to the other party. This is also a unilateral contract, and it is without consideration, and the temporary injunction is denied."

Thus, the court entered judgment against appellant on the grounds stated by him without any evidence being adduced during the hearing other than the employment agreement, although appellant in its sworn pleading, to which no answer was filed, had alleged violations by appellee of the negative restrictive covenants contained in paragraph 4 of said contract, and was apparently prepared to introduce evidence in support of the allegations of its petition.

It is appellee's contention that the court properly refused the temporary injunction because appellee would be unable to show a probable right of recovery or irreparable injury since the agreement provided that it may be terminated by either party without cause upon giving ten days' notice to the other party. Appellee further asserts that in the cases relied upon by appellant in which an injunction was granted the contract of employment did not provide that it might be terminated by either party upon giving the required notice, but instead provided that the employment could be terminated by either party upon giving notice. Thus appellee undertakes to distinguish between a contract permitting termination of the employment and a contract permitting termination of the employment agreement entered into upon the giving of notice by either party to the other. It will be noted that in paragraph 1 of the agreement the contract provides for the employment of appellee for one year "subject to prior *termination or extension of employment* as hereinafter set forth." (Emphasis added.) It will also be noted that in paragraph 6 of the agreement upon which appellee relies, it is provided that if the employee breached or violated "any covenant contained in paragraph 4, the employment of Employee shall immediately terminate * * *." It seems probable that the provisions with respect to ten days' notice contained in the same sentence of the agreement had reference to the termination of the employee's employment since the termination of the agreement would manifestly result in termination of the employment.

We are of the view that the trial court erred in denying the temporary injunction based upon the grounds stated by the court. In our opinion, the contract in question is a bilateral contract. In any event, the agreement is supported by a sufficient consideration in that the giving of employment was a valid consideration for the restrictive covenants not to compete. The right given to terminate the employment or the employment agreement by either party upon ten days' notice to the other party did not destroy or contribute to a failure of consideration under the circumstances of this case. Incidentally, there is nothing in the record to show that appellee gave appellant ten days' notice of his intention to terminate the employment contract or to terminate the employment.

The courts of this State have in numerous cases enforced negative restrictive covenants not to compete when ancillary to employment involving trades or professions although such covenants may be in limited restraint of trade, provided they are reasonably limited as to duration and area. Patterson v. Crabb, Tex.Civ. App.1889, 51 S.W. 870, error dism.; John L. Bramlet & Co. v. Hunt (1963), Tex.Civ. App., 371 S.W.2d 787, writ ref., n. r. e.; McAnally v. Person (1933), Tex.Civ.App., 57 S.W.2d 945, writ ref.; Bettinger v. North Fort Worth Ice Co., Tex.Civ.App., 278 S.W. 466; Lewis v. Krueger, Hutchinson & Overton Clinic, 1954, 153 Tex. 363, 269 S.W.2d 798; Traweek v. Shields, Tex. Civ.App.1964, 380 S.W.2d 131; Wilson v. Century Papers, Inc., Tex.Civ.App.1965, 397 S.W.2d 314; Jennings v. Shepherd Laundries Co., Tex.Civ.App.1925, 276 S.W.

726, error dism.; Randolph v. Graham, Tex. Civ.App., 254 S.W. 402; 58 A.L.R. 168. There is no contention made in this case that the duration or area limitation is unreasonable.

In John L. Bramlet & Co. v. Hunt, supra, the restrictive covenant in the employment contract was enforceable although the contract provided in effect that the employment could be terminated for any reason. In McAnally v. Person, supra, the court quoted from the opinion in Bettinger v. North Fort Worth Ice Co., supra, as follows: "One cannot successfully plead a want of consideration, or unilateralness, in a contract which he has performed in whole or in part."

In Wilson v. Century Papers, Inc., supra, this Court held that a restrictive covenant was enforceable although the contract provided in effect that the employee would not for a period of two years after the date of such termination of his employment, however such termination might occur, engage in selling the products which during the course of his employment he had sold or distributed for the employer.

■ We have not found nor been cited to any Texas case in connection with the enforcement of negative restrictive covenants contained in an employment contract which undertakes to distinguish between enforceability of such covenants when the contract provides that the employment may be terminated at any time or upon a given notice, and where the employment agreement may be terminated upon one party giving notice to the other party. We see no reason why any such distinction should be made since the parties were contracting with respect to the employment and were concerned with the provisions relating to its termination. The provisions in the contract permitting termination by either party did not invalidate the contract. In 17 Am. Jur.2d, p. 972, Contracts, Section 498, it is stated:

"A provision frequently employed is one stating that the contract may be terminated after notice is given of intention to terminate and the lapse of a certain time thereafter. Such a provision is valid, and it is not necessary that a provision giving one party an option to terminate on substantial notice be supported by a consideration different from that supporting the entire agreement."

In McAnally v. Person, supra, in which our Supreme Court refused a writ, the contract provided: " * * * or should this agreement terminate, * * * then said employee hereby specially agrees that he will not for a period of three years after the severance—for any cause—of said employment; [here follow the restrictive covenants] * * *." In Traweek v. Shields, supra, the pertinent provision of the employment contract reads in part: "6. As a part of the consideration for the execution hereof by Employer, the Employee agrees that he will not for a period of one year from the termination hereof (whether this agreement is terminated by Employer or Employee) engage or work in the selling [here follow the restrictive covenants] * * *." It is thus seen that the courts in this State have not drawn the distinction which appellee seeks to make. The same thing is true in cases in other jurisdictions which our research has disclosed.

In Shain v. Washington Nat. Ins. Co., 8th Cir., 308 F.2d 611, 96 A.L.R.2d 265, it was held that a provision in an otherwise valid contract that either party may terminate it upon a specified days' notice is valid. In Jewel Tea Co. v. Petersen (1916), 200 Ill.App. 157, the bill to enjoin the defendant from engaging in the same kind of business in violation of an employment contract, which did not allege rescission of the contract but alleged that in consideration of a certain sum paid by the claimant to the employee, and accepted by him, the contract of employment was terminated by agreement, was held by the court to mean that the defendant's employment was mutually terminated but that the written agreement was not abrogated. The court af-

firmed the trial court's order granting the injunction.

In Jennings v. Shepherd Laundries Co., supra, a restrictive covenant was enforced although the contract provided: "The term of service may be terminated on any day of any month by either party hereto giving the other not less than one week's notice." In Cantor v. Berkshire Life Ins. Co., 171 Ohio St. 405, 171 N.E.2d 518, the contract provided: "This agreement * * * may also be terminated by mutual consent, or by either party hereto upon giving the other party 30 days' written notice of intention so to do." The court held that although a contract may be terminated vested rights which have arisen under such contract are not, and cannot be destroyed by such termination.

■ In the instant case, appellee had worked for appellant for more than two years. It will be presumed that during this time he became acquainted with appellant's methods of doing business, and gained important information concerning the operation of a beauty parlor and hair dressing establishment. It is our view that under these circumstances appellant was entitled to enforce the restrictive covenants for the period of one year after the employment terminated. The right to terminate the employment agreement upon ten days' notice did not terminate the enforceability of the restrictive covenants, which had become a vested right in appellant.

The case of Granger v. Craven, 1924, 159 Minn. 296, 199 N.W. 10, is both pertinent and persuasive in that in such case the employment contract provided that the plaintiff had the right to terminate the contract on thirty days' notice. The Court said:

"A secondary objection to the enforcement of the contract here in question is the claim that it is so inequitable that equity should not aid its enforcement. The main thing urged is that plaintiff had the right to terminate the contract on 30 days' notice. It is a fairly complete answer to say that

defendant had the same right. In this there was complete mutuality of privilege and right. But the controlling consideration against the argument of inequity, and alleged lack of consideration, is that, for over two years, defendant was employed by plaintiff under the contract. Each of them seems to have performed to the satisfaction of the other, at least until notice of termination was served.

"If plaintiff had taken undue advantage of his right to terminate the contract, it might very well be that he would have been refused an injunction to prevent defendant's breach of the covenant here considered. But after performance of the contract for two years, under such circumstances as we have here, it is too late to urge want of equity in plaintiff's case merely because he had a power of arbitrary termination which he did not abuse."

■ The law is well settled that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and the court's action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Harding v. W. L. Pearson & Co., Tex.Com.App.1932, 48 S.W.2d 964; Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 1952, 151 Tex. 239, 248 S.W.2d 460; Transport Co. of Texas v. Robertson Transports, Inc., 1953, 152 Tex. 551, 261 S.W.2d 549; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, error ref., n. r. e.

■ The law is equally well settled that if the facts are undisputed and only questions of law are presented, the trial court is required to correctly apply the law to such conceded or undisputed facts. If the court fails to do so, it would be an abuse of the court's discretion. 31 Tex.Jur.2d, § 224, p. 349; Southland Life Insurance Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Dallas General Drivers, etc. v. Wamix, Inc., of Dallas, 156 Tex. 408, 295 S.W.2d 873;

John L. Bramlet & Company v. Hunt, Tex. Civ.App., 371 S.W.2d 787, writ ref., n. r. e.; Camp v. Shannon, 162 Tex. 515, 348 S.W. 2d 517; Denny v. Roth, 1956, Tex.Civ.App., 296 S.W.2d 944, writ ref. In the instant case there is a valid contract, and a verified pleading alleging violations of the restrictive covenants therein. Under these circumstances it is our view that the court abused its discretion in refusing to permit appellant to adduce evidence showing violations of the restrictive covenants, and in denying the temporary injunction on the grounds stated by the court.

Judgment reversed and remanded.