Jimmy Howard RAMSDEN, Appellant,

v.

NORRIS OF HOUSTON, INC., Appellee.

No. 256.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 18, 1969.

Rehearing Denied July 30, 1969.

Ronald B. Pruitt, Paul Butcher, Butcher & Pruitt, Houston, for appellant.

Steven F. Wilson, John Cavin, Ross, Banks, May & Cron, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from an order granting a temporary injunction. Norris of Houston, Inc., who brought this action, is a corporation engaged in the business of hairstyling, cosmetology, and barbering. It brought its action against one of its former employees, Jimmy Howard Ramsden, who had executed a written contract of employment with the plaintiff. This contract contained a county-wide restrictive covenant against competition within three years from the termination of the defendant's employment.

In its petition the plaintiff made no claim for damages but prayed that the defendant be temporarily enjoined from competing with the business of plaintiff and that upon final hearing the injunction be made permanent.

The defendant initially attended a barbering school operated by the plaintiff and upon completing it was employed by such school at a salary. Following this he was employed as a men's hair stylist by the plaintiff, Norris of Houston, Inc. Sometime following this employment he signed the contract containing the three year restrictive covenant against competition in Harris County. The instrument contained numerous provisions, one of which pertained to remuneration. Such remuneration was simply set at $2.25 per hair cut. The defendant testified that after approximately seven or eight months of such employment his income was substantially diminished due to the reduction in the number of haircuts that he obtained. When this occurred, the defendant terminated his employment with the plaintiff. Immediately thereafter he was employed in a similar capacity by Mr. Herbert, who was engaged in a competing business to that of the plaintiff.

The trial court had an appropriate hearing relative to a temporary injunction. Following such hearing the trial court issued an order enjoining the defendant Ramsden from competing with the plaintiff in a portion of Harris County. That portion was described as roughly one-half of the County and was that half in which plaintiff's business was located.

The order was in the following language:

"It is accordingly ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, JIMMY HOWARD RAMSDEN, be and he is hereby temporarily enjoined from competing with Plaintiff by accepting employment with any barber shop or hair stylist * * * for a period of three (3) years from the termination of his employment. * * *"

It must be noted that the order of the trial court did not temporarily enjoin the defendant merely during the pendency of the suit. The order conformed to the full time period specified in the contract and recited that it was for a period of three years. As stated, the trial court's order reduced the geographical area covered by its prohibition from that specified in the contract, however.

Only one point of error is presented, which is:

"THE TRIAL COURT ABUSED ITS DISCRETION IN ISSUING A WRIT OF TEMPORARY INJUNCTION IN THAT:

"A. IT FAILED TO APPLY THE EQUITABLE DOCTRINE OF 'CLEAN HANDS'.

"B. IT GRANTED APPELLEE SUBSTANTIALLY ALL THE EQUITABLE RELIEF AVAILABLE TO APPELLEE ON A TRIAL ON THE MERITS.

"C. IT PLACED ON APPELLANT A BURDEN GREATER THAN REQUIRED FOR THE PROTECTION OF APPELLEE.

"D. IT GRANTED EQUITABLE RELIEF WITHOUT A SHOWING OF IRREPARABLE DAMAGE TO APPELLEE.

"E. IT GRANTED EQUITABLE RELIEF BASED ON DISPUTED ISSUES AS TO THE VALIDITY OF THE EMPLOYMENT CONTRACT."

We find no merit to the contentions contained in Sections A, C, D and E and each is overruled. Section B of the point of error contains a valid concern, however, and it is to it alone that our attention is given.

The court has granted a *temporary* injunction. It has, however, strong similarity to a permanent prohibition. It is at least as enduring as it could have been made upon a trial on the merits in that it extends for the maximum time provided for in the parties' agreement.

■ There is no question that negative restrictive covenants which are reasonably limited as to duration and area and which are ancillary to employment involving trades or professions are enforceable in this state. See Carl Coiffure, Inc. v. Mourlot, Tex.Civ.App., 410 S.W.2d 209, writ ref., n. r. e., and cases therein cited. Incidentally, the litigants in the instant case were engaged in the same business and were similarly situated to those in the Mourlot case. The instant question is dissimilarity, however, and its introduction makes appropriate Chief Justice Hickman's comments in speaking for the Supreme Court in Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462, "The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion."

■ The present concern is whether there is an abuse of discretion in an instance where the trial court has issued a *temporary injunction* which recites that it is for a period of *three years*. Referring again to the opinion in the Texas Foundries case, supra, the Court states, "We are aware that in certain counties of the state where the dockets are crowded there is often much delay in obtaining trials of cases, and that in some instances if an appeal is not prosecuted from an order granting a temporary injunction, that order, through the lapse of time, will accomplish the whole object of the litigation. Where that situation obtains and the whole object of the suit would be accomplished by the delay incident to an appeal, the trial judge should never grant a temporary injunction without at the same time arranging his docket so as to afford the defendants a trial on the merits without undue delay. It is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine rights without a trial."

■ There is no showing before this Court one way or the other as to whether the instant case has been or will be set for a "trial on the merits without undue delay." It would be conceded that there is often much delay in obtaining trial because of such congestion in Harris County. Without unduly dwelling on this feature we consider whether the court's temporary injunction "accomplishes the object of the suit" and we must conclude that it has.

In Ledel v. Bill Hames Shows, Inc., Tex.Civ.App., 367 S.W.2d 182, the plaintiff was in the business of arranging for and presenting carnival or midway shows at fairs. Suit was brought to restrain the plaintiff's former general manager, who was guilty of reprehensible conduct while in plaintiff's employ, from presenting competing shows at certain fairs. Though

plaintiff's action was not founded on any contractual provision, a temporary injunction *for one year* was issued by the trial court. In dissolving the injunction the Court stated, "When we observe that over seven months have expired between the time the temporary injunction was entered by the trial court and the time this opinion is returned, plus the consideration of that additional time which will be entailed before even the judgment of this Court might become final, the operation of the decree of temporary injunction will have substantially protected the appellee from competition by appellants (at the places where they were enjoined from competing) for a term which will approach the maximum reasonable time, whether or not it might be held that the granting of the writ of temporary injunction was improper. The period for which the writ was effective was one year. So far as we are able to ascertain, the trial judge did not provide for an early trial on the merits and no such trial has been held."

The trial court concluded that the temporary injunction accomplished the main purpose of the suit without trial on the merits and the granting of it amounted to a determination of the parties' rights without a trial.

The reasoning of the Ledel case, supra, is even more compelling in the present instance. If this case is not now, or is not subsequently, set and tried on its merits the instant "temporary" injunction is fully operative for the maximum three year period. The only way a trial on the merits, even if held within such time, could expand the equitable relief granted would be to enlarge the geographical area covered. We are compelled to conclude that the trial court's order is tantamount to an adjudication of the ultimate issue in this cause; the object of the suit has been accomplished.

The judgment of the trial court is reversed and the temporary injunction is dissolved.