**GLENN ADVERTISING, INC., Appellant,**

v.

**A. S. BLACK et al., Appellees.**

**No. 355.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 15, 1970.

Rehearing Denied May 13, 1970.

**842**

Roger R. Wright, Jr., Kennerly, Woodard & Hall, Houston, for appellant.

Wm. R. Powell, Knight, Prappas, Rowland & Caldwell, Houston, for appellees.

SAM D. JOHNSON, Justice.

Non-competition agreement case in which the trial court entered an order granting a temporary injunction. Appeal is perfected to this Court by Glenn Advertising, Inc., in whose favor the temporary injunction was issued.

On January 20, 1963, A. S. Black became an employee of Glenn Advertising in the position of vice president and manager of the

Houston office. Black was thereafter permitted to become a shareholder in the Glenn Advertising corporation by purchasing shares through payroll withholdings. Black accepted such opportunity and on March 5, 1966, executed a "buy and sell agreement" which provided as follows:

"In consideration for Stockholder's employment, and because of the trade secrets and accounts to which Stockholder is given access, Stockholder further hereby agrees that if his employment with Glenn should terminate for any reason, that he will not sell or solicit advertising, or advertising services of a competitive nature, in any town or city where Glenn then has an office, branch or agency, for a period of three (3) years immediately following his termination of employment with Glenn."

Sometime thereafter, on November 1, 1968, appellee's employment with Glenn Advertising terminated. For almost a year thereafter Black was employed in the graphic art area of the advertising business which did *not* place him in competition with his former employer. In the latter part of 1969, however, Black was instrumental in the formation of Continental Marketing Group, Inc., which corporation subsequently changed its name to First Marketing Group, Inc. Black was responsible for organizing Continental and employed the lawyers who obtained certification of the articles of incorporation. He became Continental's president and chief executive officer. He owned 66⅔% of the stock. He, his secretary, and one Bob Watson were the only persons employed by Continental. Bob Watson was an account executive of Glenn Advertising who, on December 11, 1969, quit his employment with Glenn and joined Black's newly formed Continental Marketing Corporation.

As structured, Continental Marketing Group, Inc. *would* compete in the advertising business with Glenn Advertising, the plaintiff. Up to this time Glenn Advertising's largest single account was Brown & Root. On December 15, 1969, an officer

of Brown & Root, H. T. Hazelrigg, addressed a letter to Bob Watson confirming an oral agreement that advertising services for Brown & Root would be handled by Continental Marketing effective February 1, 1970.

Based upon the foregoing facts Glenn Advertising filed suit against A. S. Black and Continental Marketing to enforce the non-competition agreement. Appellant sought a temporary restraining order until a trial could be had on the merits. This was denied. The trial court did, however, order a hearing to determine whether a temporary injunction based upon the non-competition agreement should be issued pending trial. After such hearing the trial court granted a temporary injunction as to Black for the full period of three years. The injunction, however, did not afford the entire relief sought by Glenn. While the non-competition agreement prohibited competition by Black from soliciting and selling competitive services to anyone in all of the cities in which Glenn had an office on the date Black's employment terminated, the court's order only enjoined Black from soliciting or selling advertising to clients of Glenn as of the date of Black's termination of employment (November 30, 1968) in four certain prescribed cities. The court's temporary injunction was not made applicable to Continental Marketing Group, Inc., which Glenn alleged was the alter ego of Black. The trial court's order is as follows:

"1. The application of Glenn Advertising, Inc. for a temporary injunction against Continental Marketing Group, Inc. is in all things denied.

"2. The defendant A. S. Black is hereby restrained and enjoined until November 30, 1971, from selling or soliciting advertising, or advertising services of a competitive nature to any client of Glenn as of November 30, 1968 (which clients of Glenn are identified in Exhibit 1 attached hereto), in the cities of San Antonio, Houston, Dallas and Fort Worth, and provided further than plaintiff shall

promptly post bond in the amount of $7,-500.00 payable to A. S. Black.

"3. It is stipulated and agreed that all parties hereto agree to make application jointly for a preferential setting for trial on the merits of this lawsuit."

In this Court appellant Glenn Advertising urges that the trial court erred by not enforcing the non-competition agreement to the full extent of its terms. Appellant contends that the injunction should include clients appellant obtained after November 30, 1968, that it should enjoin Black from competition in every city in which Glenn had an office on November 30, 1968, and that the injunction should also preclude competition by Continental Marketing since this corporation is the alter ego of Black. Appellee Black on the other hand, contends *that there was no evidence that Black solicited or sold advertising in competition with Glenn.* Appellee also points out that the trial court's order extends to the full three year period specified in the non-competition agreement. Thus, contends appellee, the injunction is permanent, not temporary, and the issuing of the injunction for the full three year period was an abuse of discretion by the trial court. Appellee further contends that the record supports a denial of injunctive relief against Continental Marketing on the ground that it was not established to be the alter ego of Black.

 There is no question of the enforceability of negative restrictive covenants not to compete which are reasonably limited as to duration and area. See *Carl Coiffure, Inc. v. Mourlot*, Tex.Civ.App., 410 S.W.2d 209, writ ref., n. r. e., and the extensive authority therein cited. Where a temporary injunction has been granted the question on appeal is whether the trial court has abused its broad discretion in such a proceeding. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

We have carefully examined the various points and cross points of error supporting the contentions set forth and each, with the exception hereafter noted, is overruled. We do not find that the trial court abused its discretion.

The instant record is quite clear that though the court has limited the application of the non-competition agreement to less than all the cities enumerated and has restricted the agreement to clients of Glenn on November 30, 1968, that the "temporary" injunction was granted for the maximum duration of relief to which the plaintiff would be entitled at a trial on the merits. This Court has had occasion to review a somewhat similar "temporary" injunction which granted the entire duration of relief to which plaintiff would have been entitled at a trial on the merits and the injunction was dissolved on the ground that the trial court had abused its discretion by issuing an order which was "tantamount to an adjudication of the ultimate issue in this cause." Ramsden v. Norris of Houston, Tex.Civ. App., 444 S.W.2d 838, 841, no writ hist. See also Ledel v. Bill Hames Shows, Inc., Tex. Civ.App., 367 S.W.2d 182, no writ hist. In Ramsden, as here, the area covered by the temporary injunction was subject to possible later geographical enlargement in the trial on the merits. Additionally, in Ramsden, there had been no preferential setting for a trial on the merits at the time the temporary injunction was issued. Here the parties have joined in a motion for and obtained a preferential trial setting.

Even so, the trial court's order should correctly provide that the temporary injunction should remain in effect only until final hearing or until further orders of the court. Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; City of Lubbock v. Steagall, Tex.Civ.App., 45 S.W.2d 996, no writ hist.; International Ass'n. of Machinists, Local Union No. 1488 v. Federated Ass'n. of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282, (Com.App.); Owens v. Texaco, Inc., Tex.Civ.App., 368 S.W.2d 780, no writ hist.; Lowe & Archer, Injunctions and Other Ex-

traordinary Proceedings, Sec. 357, p. 373. The injunction granted should therefore be modified so as to remain in full force and effect "until final judgment is entered in this cause."

The judgment of the trial court is modified to provide for the temporary injunction's duration "until final judgment is entered in this cause." As modified the judgment of the trial court is affirmed.