**John GONZALES, Appellant,**

v.

**NORRIS OF HOUSTON, INC., et al., Appellees.**

**No. 1927.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1978.

Rehearing Denied Jan. 10, 1979.

Andrew J. Berger, Howard L. Nations, Houston, for appellant.

Thomas G. Bousquet, Bousquet & Associates, Houston, for appellees.

CIRE, Justice.

This is an appeal from an order temporarily enjoining appellant John Gonzales from competing with appellees Norris of Houston, Inc., et al [Norris] in the hairdressing business. The injunction was issued pursuant to a noncompetition clause which appellees are attempting to enforce through this suit. We affirm.

Appellant attended Norris of Houston Barber College and in 1969, after completing his schooling, entered into an employment contract with appellees. The contract contained the following language:

EMPLOYEE covenants that he will not in Harris County, Texas, within three (3) years from the termination of his employment, engage in business either as principal, employee, partner or stockholder, in competition with any business carried on or contemplated at the time of termination of his employment, by the EMPLOYER, or furnish information or divulge trade or business secrets of the EMPLOYER directly or indirectly to anyone engaged or interested in such line of business.

Appellant worked for Norris until December 6, 1977, at which time he terminated his employment and opened his own hairdressing establishment, John's Hair Shoppe, approximately a mile and a half from appellees' business. Appellees sued, seeking monetary damages and temporary and permanent injunctions until December 6, 1980, the termination date of the noncompetition agreement. After a hearing, the trial judge entered an order enjoining appellant from engaging in the practice of hairstyling in Harris County "during the pendency of this litigation or until December 6, 1980, whichever comes first . . ."

■ The granting or denial of a temporary injunction is within the broad discretion of the trial judge, and his order will not be overturned on review unless it is clear that he abused that discretion. *Janus Films v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). To establish the right to a temporary injunction, plaintiff need only show a probable right and a probable injury. He need not demonstrate that he will ultimately prevail in the litigation. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

■ Appellant testified at the hearing that approximately fifty percent of his current clientele had been his customers at Norris. He also stated that he had notified some of his prior customers by phone or mail that he had opened his own establishment. This testimony establishes that appellees have suffered probable injury by the actions of appellant. In a similar case the First Court of Civil Appeals in Houston held that "[p]robable right and probable injury were clearly shown by Mrs. Gafas' having opened a hairstyling shop near the

appellants' in direct competition and having successfully solicited their customers." *Norris of Houston v. Gafas,* 562 S.W.2d 894, 896 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). The same noncompetition clause involved here was upheld in that case.

Appellant contends that the trial court erred in granting the temporary injunction because appellees have an adequate remedy at common law for damages. Walter Mueller, a witness for appellees, testified that Norris could claim a $20,000.00 value on each customer. Appellant urges that by applying this figure to the number of former Norris customers appellant serves, a dollar value may be arrived at, precluding equitable relief.

We do not agree. Regardless of the testimony that each customer was worth "at least $20,000.00", we do not feel that it is possible to place a dollar value on a customer. Mr. Mueller further testified that "[t]hey have another value . . . . [E]ach customer is worth a lot of referral business." This uncertainty coupled with other inherent variables would result in irreparable damage to appellee. It is this type of injury which is the proper subject for a temporary injunction. *Town Plaza Fabrics v. Monumental Properties of Texas,* 544 S.W.2d 775 (Tex.Civ.App.—Dallas 1976, no writ).

Appellant next urges that the trial judge abused his discretion in granting the temporary injunction because by doing so he effectively gave to appellees substantially all the equitable relief available to appellees in a trial on the merits.

This court has had occasion to pass on such a contention in two prior cases. In *Ramsden v. Norris of Houston,* 444 S.W.2d 838 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ), the trial judge ordered a "temporary" injunction for a period of three years, the exact time specified in the noncompetition clause. This court there said that the "temporary" injunction had "strong similarity to a permanent prohibition," 444 S.W.2d at 840. It further held that " '[i]t is error for a trial court to grant

a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine rights without a trial.' " *Id.*

In *Glenn Advertising v. Black,* 454 S.W.2d 841 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), a temporary injunction was issued by the trial court for the maximum period, three years. There, however, it was stipulated that the parties applied for and received a preferential setting for a trial on the merits. The court held this feature to be controlling and upheld the temporary injunction. It did, however, modify the injunction to remain in effect only " 'until final judgment is entered in this cause,' " noting that the order of a trial court for a temporary injunction should so provide. The language of the injunction here substantially follows this direction.

The Texas Supreme Court has also approached this issue. In *Texas Foundries v. International Moulders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952), the court noted that it was aware that in some counties the crowded dockets might cause a delay in the trial on the merits and result in a "temporary" injunction which accomplished the whole object of the litigation. The court there upheld the temporary injunction, stating that there was no claim that the trial court would not have afforded a prompt hearing on the merits. Likewise there is nothing in this record to indicate that the trial court has refused to give this case a preferential setting, and while none has been requested, appellees agreed in open court to join in such a request. Indeed, the local rules for the Harris County District Courts provide for preferential settings in cases "in which evidence is presented that manifest hardship would be imposed upon any litigant if a preferential setting is not granted." Rule 4(c). While we affirm the action of the trial court in issuing the temporary injunction, we do so with the understanding that the trial judge will follow the mandate of our supreme court as set out in the *Texas Foundries* case, supra, and arrange his

docket so as to provide a prompt and expeditious trial on the merits. In the future, trial judges granting temporary injunctions should, as a matter of course, at the time the order granting the temporary injunction is entered, specify in the order an early date for a trial on the merits.

Again, this case appears to be one which could have been resolved on the merits in less time than has been consumed by this appeal. We reaffirm the principle that "the most expeditious way of obviating the hardship of an unfavorable preliminary order is to *try the case on the merits* and thus secure a hearing in which both facts and law may be fully developed; in this way, both trial and appellate courts may render judgment finally disposing of the controversy." *Charter Medical Corp. v. Miller,* 554 S.W.2d 220, 223 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). *See also Southwest Weather Research v. Jones,* 327 S.W.2d 417 (Tex.Sup.1959); *Irving Bank and Trust Company v. Second Land Corporation,* 544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

Appellant contends that the temporary injunction is erroneous because it is equivalent to enforcing specific performance of the contract. We do not agree. The law is settled that covenants not to compete, reasonable in duration and geographical scope, will be upheld. *Weatherford Oil Tool Company v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960). " 'The purpose of the injunction is not to induce the defendant to continue to service the plaintiff or to prevent injury caused by his leaving the service; it is to prevent him from engaging in unfair competition and stealing away the plaintiff's customers contrary to his express promise.' " *T. E. Moor & Company v. Hardcastle,* 421 S.W.2d 126, 129 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.).

Finally, appellant urges that the contract contained a provision whereby the entire agreement could be terminated, thus releasing appellant from all duties and restrictions contained therein. The language relied upon is as follows:

EMPLOYEE may terminate this agreement prior to expiration of any employment term by giving seven (7) days notice of such intention to terminate to the EMPLOYER.

According to appellant, the notice given by him on December 6, 1977, effective December 18, 1977, complied with this clause and released him from the agreement and hence the noncompetition clause.

Appellant's primary contention is that this language is ambiguous and as a result should be construed most strongly against the drafter. We overrule this contention. The claims of ambiguity have been raised for the first time on this appeal. Ambiguity is an affirmative defense which must be raised at the trial court level. Texas Rules of Civil Procedure, Rule 94.

In any event courts of this state have not drawn a distinction between contracts providing for the termination of the employment only and termination of the agreement. Rather they have upheld noncompetition clauses where the contract provided for the termination of the agreement. *Carl Coiffure v. Mourlot,* 410 S.W.2d 209 (Tex. Civ.App.—Houston 1967, writ ref'd n.r.e.).

Accordingly we hold that the temporary injunction was properly issued.

Affirmed.