**G & R INVESTMENTS, a partnership, et al., Appellants,**

v.

**James K. NANCE, Jr., Appellee.**

**No. B2111.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 18, 1979.

Rehearing Denied Sept. 5, 1979.

Joel W. Cook, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellants.

Brantly Harris, Prappas, Moncure, Harris & Termini, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and MILLER, JJ.

COULSON, Justice.

This is an appeal from a temporary injunction restraining the appellants Guy J. Robertson, G & R Investment, a partnership, Wilcrest/Westheimer, a partnership, Richard P. Schissler, Jr., and M. A. Mills from foreclosing on and selling appellee Nance's one-third interest in Wilcrest/Westheimer, a partnership, pending final hearing upon the cause of action. Appellants (Robertson, et al) have filed a motion to dismiss their appeal as moot on the ground that a final hearing has been held and judgment entered on the merits. We grant appellants' motion to dismiss as moot.

In 1976 appellee Nance left his employment with First Mortgage Company of Texas to become employed by Pilgrim Realty Company, an entity of which appellant Robertson was apparently a co-owner. This occurred after several discussions between Nance and Robertson concerning the advantages Nance could acquire by dealing with Robertson in real estate development. During the term of Nance's employment by Pilgrim Realty, Robertson arranged for Nance to become a partner in some six different real estate developments. Nance alleged that Robertson promised to "carry" him as far as equity calls for these developments might be made, because Nance did

not have the funds to contribute to such enterprises.

Wilcrest/Westheimer was one of the development partnerships in which Nance became a partner, along with Robertson and Schissler. In connection with the Wilcrest/Westheimer partnership Nance executed a promissory note in the principal amount of $39,000.00, secured under a security agreement by his one-third interest in the partnership. This note was executed in favor of G & R Investments, a partnership between Robertson and Schissler, and represented money to be advanced in the future by G & R to cover necessary expenses of Wilcrest/Westheimer. In January of 1979, after Nance had left his employment with Pilgrim Realty, G & R Investments made demand upon him for payment of the $39,000.00 note. When payment was not made G & R notified Nance that a foreclosure sale of his one-third interest in Wilcrest/Westheimer would be held pursuant to the terms of the security agreement.

Nance filed suit against appellants and on January 26, 1979, obtained a temporary restraining order restraining the foreclosure sale of his one-third interest in Wilcrest/Westheimer. On February 6, 1979, after a hearing a temporary injunction to the same effect was entered. Appellants appeal from that order granting a temporary injunction. Subsequent to appellants filing their appeal, but before the cause was set for submission in this court, a trial on the merits was held in the lower court. On May 4, 1979, a final judgment was entered in that case denying Nance's request for a permanent injunction and granting certain other relief to appellants. Nance has filed an appeal from that judgment but the case has not yet been submitted to this court.[1] Appellants have filed a motion to dismiss their appeal on the ground that the question whether the temporary injunction should have been granted is moot because a final determination has been made by the trial court that no permanent injunction should be granted and that the temporary injunction would be dissolved.

Appellee Nance argues however that this case is not moot due to the fact that he has filed a supersedeas bond in connection with his appeal from the judgment on the merits of the trial court. The question presented here is whether a temporary injunction is revived by the filing of a supersedeas bond pursuant to an appeal from the judgment denying the permanent injunction sought in the same case. Appellee Nance cites the case of *Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co.*, 68 Tex. 98, 2 S.W. 199 (1886) to support his contention that the effect of filing a supersedeas bond is to supersede or suspend the final judgment denying the permanent injunction and thus to continue the temporary injunction in effect. That case does state that "when an injunction is dissolved in a final judgment, and an appeal is prosecuted by giving a *supersedeas* bond, the dissolution is suspended, and the injunction is continued in force by the appeal," 2 S.W. at 201.

In the later case of *Riggins v. Thompson*, 96 Tex. 154, 71 S.W. 14 (1902), however, the Supreme Court distinguished the *Gulf, C. & S. F. Ry. Co.* case as one where the temporary injunction order expressly made the temporary injunction effective "until the final determination of the suit," which did not occur until the appeal had been disposed of. The *Riggins* court pointed out that the temporary injunction order in the case before it provided that it was to remain in effect only until a hearing was had on the merits in the trial court and thus had expired on its own terms at the time such trial on the merits was had. *See Fort Worth St. Ry. Co. v. Rosedale St. Ry. Co.*, 68 Tex. 163, 7 S.W. 381 (1887), where it was held that a restraining order which had ceased to be operative by its own terms could not again be brought into existence by means of an appeal with the filing of a supersedeas bond.

---

1. See our opinion on the motion by Robertson, et al, to dissolve our writ of injunction or to increase Nance's supersedeas bond in the case of *Nance v. Robertson, et al*, 588 S.W.2d 802, Tex.Civ.App., number B2181, which accompanies this opinion.

The temporary injunction order in the case before us orders "that Defendants M. A. Mills, Guy J. Robertson and G&R Investment be and they hereby are restrained and enjoined from taking any further action to sell or cause to be sold Plaintiff's one-third (⅓) interest in Wilcrest/Westheimer, a partnership, and that the Clerk of this Court issue a writ of injunction *pending final hearing hereof* so restraining and enjoining said Defendants" (emphasis added).

The order further provides that if the case "is not granted a preferential setting in the March-April 1979 term and tried on the merits within ninety days from and after February 2, 1979, Plaintiff shall be required to file an additional bond in the sum of $10,000.00 conditioned as the law requires, and if he fails to do so, the Court thereafter will entertain a motion to dissolve the temporary injunction."

We find that the trial court's order for a temporary injunction was clearly intended to remain in effect only until an early hearing on the merits could be had in the trial court, and was not intended to remain in effect until the final disposition of the case in the appellate courts. It thus expired, by its own terms, at the time of the resolution on the merits on May 4, 1979, and could not be revived by the filing of a supersedeas bond pursuant to an appeal. Accordingly we have determined that this cause is moot.

This result is further supported by an examination of the purposes for which a temporary injunction is granted. The only purpose of a temporary injunction is the "preservation of the status quo of the subject matter of the suit pending a final trial of the case on the merits," *Transport Co. of Texas v. Robertson Transport,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). Here there has been a trial on the merits, the temporary injunction has been set aside and the permanent injunction denied, and there is an appeal pending from that judgment. The time for determination of the respective rights of the parties is upon the appeal from the determination of the cause on the merits where the appellate court will have available the entire record made at such hearing. *Texas City v. Community Public Service Co.,* 534 S.W.2d 412, 415 (Tex.Civ. App.—Beaumont 1976, writ ref'd n. r. e.). When a final judgment has been rendered by the trial court and an appeal has been perfected therefrom the case enters a different phase. Under certain circumstances the trial judge may enter a stay pending appeal or the appellate court may, as we have done in this case, enter an order under Article 1823, Tex.Rev.Civ.Stat.Ann. (1964) to preserve our jurisdiction.[2] *City of Corpus Christi v. Cartwright,* 281 S.W.2d 343, 344 (Tex.Civ.App.—San Antonio 1955, no writ); *Texas City v. Community Public Service Co., supra.* There is no compelling reason to hold that the filing of a supersedeas bond should empower an appellant to revive a temporary injunction which was granted after an abbreviated hearing only to preserve the status quo pending a disposition on the merits, and was dissolved when such disposition was made by the trial court after a full hearing.

Accordingly we have determined that this cause is moot and the appeal from the granting of the temporary injunction is dismissed. This action is taken without prejudice to the rights of the parties in their appeal from the judgment on the merits and we express no opinion upon the merits of the contentions advanced by them in this appeal. *Texas City v. Community Public Service Co., supra.*

■ Appellants have requested that we tax the costs of this appeal against appellee, arguing that the fact that a permanent injunction was denied establishes that it was improper for appellee to have obtained a temporary injunction. This proposition is not persuasive because the reasons for granting a temporary injunction are not the same as those for granting a permanent injunction. A temporary injunction serves only to preserve the status quo until the rights of the parties can be determined at a hearing on the merits. The fact that full hearing demonstrates that plaintiff is not

---

2. See footnote 1, supra.

entitled to a permanent injunction does not render the granting of the temporary injunction an abuse of discretion on the part of the trial court.

Furthermore, we observe that the trial judge made provision that an early hearing on the merits should be had. Such provision follows this court's recommendations made in *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.). The case before us is one which was resolved on the merits prior to the time that this court could consider the appeal from the interlocutory order. The time and expense involved in prosecuting this appeal could have been avoided had appellant followed our recommendation in *Gonzales* to try the case on the merits and allow the facts and law to be fully developed before asking this court to rule on the controversy. There is no compelling reason to apply to this court for a ruling on this controversy at an interlocutory stage when the trial court had provided for an early resolution of the merits of the case. The costs will remain taxed against appellants.

The appeal from the order granting a temporary injunction is dismissed as moot and all costs of this appeal are to be taxed against appellants.