**George E. WALKER et al., Appellants,**

v.

**Edward E. RACE, Appellee.**

**No. B2489.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1981.

Rehearing Denied March 18, 1981.

William L. Maynard, Payne, Gilpin, Maynard & Parsons, Leo A. Kissner, Cranes of Houston, Inc., Houston, for appellants.

Jeffrey H. Hubbard, Jeffrey H. Hubbard & Associates, Houston, for appellee.

Before MURPHY, COULSON and MILLER, JJ.

MURPHY, Justice.

Appellants George E. Walker, Paul V. Reed, Jr., Marvis G. Lilley and Jeffrey Owen appeal from a temporary injunction order entered in favor of the Appellee, Edward E. Race. Affirmed.

Collectively, both sides represent all the shareholders, directors and officers of Cranes of Houston, Inc. (Cranes), a closed corporation organized under the laws of Texas. Appellants collectively own seventy-two percent (72%) of the company's outstanding shares of stock and appellee, whose positions as director and president are at stake, owns the remaining twenty-eight percent (28%) of the shares of stock. The underlying controversy in this suit arose out of the election of directors at an annual shareholder's meeting held May 6, 1980, and the election of officers at the annual director's meeting held on the same day. Appellee was not re-elected as a director or president, and on May 12, 1980 filed this action alleging he was improperly removed from his positions, naming all of the appellants herein and Cranes, Inc. as defendants, and contemporaneously obtained a temporary restraining order. After a hearing, a temporary injunction was granted May 22, 1980 enjoining appellants from:

(1) effecting any change of officers or directors or bylaws of Cranes, Inc. that may have been elected at the May 6, 1980 Annual Shareholder and director meetings, (2) interfering in any manner, either directly or indirectly with the holding by Edward E. Race of the positions of director and president, (3) electing, replacing or changing any officers, director or bylaws, and (4) engaging in any conduct that causes Cranes, Inc. to incur any indebtedness or expend any sum of money other than in the ordinary course of the corporation's business.

The controlling issue before this court is whether the trial judge abused his discretion in issuing the temporary injunction. The Texas Supreme Court in the leading case *Texas Foundries, Inc. v. International Moulders and Foundary Workers' Union, et al.*, 151 Tex. 239, 248 S.W.2d 460 (1952) states at page 462:

> "The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion." (citations)

> The test announced by this court is: 'If the petition does allege a cause of action and evidence tending to sustain such cause of action is introduced, then there is no abuse of discretion by the trial court in issuing the temporary injunction.' *Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas, et al.*, 128 Tex. 560, 99 S.W.2d 263, 270 (1936).

The Court in *Texas Foundries, Inc., id.*, at page 463 further clarified the functions of the reviewing court in applying the test:

> "The appellate court cannot substitute its discretion for that of the trial judge. It has no independent discretion in reviewing such an order; its sole function is to determine whether there has been a clear abuse of discretion by the trial judge."

Applying the test and rules herein stated, and upon an examination of the record, we find the trial judge did not abuse his discre-

tion in granting the temporary injunction. Appellants by their nine points of error raise issues which are not dispositive of this appeal. The trial court's discretion in granting the temporary injunction is the controlling issue before us. We observe that counsel in their briefs have formulated important questions of law, but in order for this court to review such points of law, the parties should first try the case on the merits. Indeed, "this case appears to be one which could have been resolved on the merits in less time than has been consumed by this appeal." *Gonzales v. Norris of Houston*, 575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, ref. n. r. e.). We affirm this general principle and express the view as stated by the *Gonzales* court:

"[T]he most expeditious way of obviating the hardship of an unfavorable preliminary order is to *try the case on the merits* and thus secure a hearing in which both facts and law may be fully developed; in this way both trial and appellate courts may render judgment finally disposing of the controversy." *Charter Medical Corp. v. Miller*, 554 S.W.2d 220, 223 (Tex.Civ.App.—Dallas, 1977, writ ref'd. n. r. e.). *See also Southwest Weather Research v. Jones* 160 Tex. 104, 327 S.W.2d 417 (1959); *Irving Bank and Trust Company v. Second Land Corporation*, 544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd. n. r. e.). *Id.* at 113.

We adhere to the proposition that "[t]he best practice is for the trial judge to set an early trial on the merits, giving it precedence over other cases, at the time he grants a temporary injunction." *Reeder v. International Plastics Mfg. Co., Inc.*, 581 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1979, no writ); *See Sonics International Inc. v. Dorchester Enterprises, Inc., et al.*, 593 S.W.2d 390 (Tex.Civ.App.—Dallas 1980, no writ).

Affirmed.