Thomas S. **WHITLOW**, d/b/a Whitlow Brick & Demolition Co., Appellant,

v.

W.M. "Mac" **POLLEY**, Appellee.

No. 12-83-0042-CV.

Court of Appeals of Texas, Tyler.

Feb. 29, 1984.

Robert A. Ray, Tyler, for appellant.

Jack Norwood, Holcomb & Norwood, Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the district court granting a temporary injunction. The order enjoined appellant and the acting sheriff of Smith County from proceeding with sale under execution of a certain tract of real property until further order of the court.

In its order granting the injunction, the trial court provided:

> This order shall not be effective unless and until Plaintiff executes and files with the Clerk in conformity with the law, a bond payable to the Defendants in the amount of Five Hundred and No/100 ($500.00) Dollars which shall be signed by good and sufficient sureties as required by law.

The transcript does not reflect that appellee executed and filed with the clerk a temporary injunction bond to defendant nor that a writ of injunction was issued by the clerk.

█ Under Rule 684 [1] a bond is required as a condition precedent to the issuance of a temporary injunction. Furthermore, it is settled law in this state that a temporary injunction issued without a bond is void. *Goodwin v. Goodwin,* 456 S.W.2d 885, 886 (Tex.1970); *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (1956).

█ Since appellee did not file a bond in compliance with the court's order and Rule 684, he failed to satisfy the condition required for issuance of the writ of injunction. Thus, the court's order granting a temporary injunction has not been implemented as authorization for the issuance of such injunction and is unenforceable. We hold that, standing alone, such order is a nonappealable interlocutory order within the meaning of Rule 385 and Tex.Rev.Civ. Stat. art. 4662. This court is, therefore, without jurisdiction, and the appeal is dismissed.

1. This and all other references to rules are to  Texas Rules of Civil Procedure.