BIODYNAMICS, INC., American
Biodynamics, Inc., and John
B. Hargiss, Appellants,

v.

Weldon S. GUEST, Appellee.

No. B14–91–0521–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 19, 1991.

Rehearing Denied Oct. 17, 1991.

James A. Porter, Robert D. Topping, Houston, for appellants.

J. Eugene Clements, Cheri Duncan, Houston, for appellee.

Before PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an interlocutory appeal of a temporary injunction entered in favor of Weldon Guest. The underlying lawsuit arises from a struggle for control of American Biodynamics, Inc. ("ABI"), a British Columbian corporation. Biodynamics, Inc. is a wholly-owned subsidiary of ABI. John Hargiss is the president of ABI. The injunction required appellants to postpone the annual meeting of ABI's shareholders until additional proxy materials, including a different slate of directors, could be submitted to the shareholders. In three points of error appellants claim the trial court abused its discretion in issuing the injunction. We affirm.

Guest was a member of the board of directors of ABI until 1990 and he owns 15.7% of ABI's stock. In November, 1989, he submitted a requisition for a general meeting of shareholders. The purpose of that meeting was to vote on the removal of John Hargiss and Robert and Lois Matthews as directors of ABI. The meeting was scheduled for April 30, 1990. Appellants and Guest agreed that appellants' attorneys would cooperate with Guest and his attorney to prepare a proxy statement for the meeting.

Without Guest's knowledge, appellants filed and distributed a proxy statement on March 6, 1990, which did not include Guest's proposals. Guest sought a temporary injunction to prevent appellants from conducting the shareholders meeting until a corrected proxy including his proposals was mailed to all shareholders. After receiving notice of the hearing on Guest's application for temporary injunction, and before the hearing could be held in the trial court, appellants removed the case to federal court. The removal took place approximately two weeks before the scheduled shareholders meeting. The 1990 shareholders meeting took place as scheduled, without Guest's proposals.

In November, 1990, the United States District Court remanded the case back to the state district court. Guest again tried to work with appellants concerning submission of his proposals to the shareholders and preparation of the proxy statement. Appellants, in April, 1991, mailed a proxy statement to all shareholders, again not including Guest's proposals. Guest then filed a request for temporary injunction in the trial court requesting: (1) Hargiss, the Matthews, and ABI be enjoined from conducting the shareholders meeting on May 24, 1991 or any other date until a proxy statement with Guest's proposals could be mailed to the shareholders; (2) no voting of proxies received from the proxy solicitation mailed in April, 1991; and (3) that Hargiss not be permitted to vote 67,600 shares, which belong to Guest.

ABI's annual shareholders meeting was scheduled for May 24, 1991. The trial

court granted Guest's request for temporary injunction and ordered the meeting postponed to no later than July 31, 1991. Because that date passed before we could hear this appeal, the trial court modified its order postponing the meeting to no later than October 1, 1991. The meeting is currently scheduled for September 25, 1991. The proxy materials, including Guest's proposed slate of directors for management of the company, have been mailed to the shareholders. In two points of error appellants claim the trial court erred in issuing the temporary injunction because it exceeds the relief requested and is contrary to the undisputed evidence. In a third point of error appellants claim the trial court abused its discretion in setting the bond for the temporary injunction at $500.

■ An order granting a temporary injunction must be upheld on appeal unless the appellant shows the trial court clearly abused its discretion. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526, 528 (Tex.1975). If the original petition alleges a cause of action and the party seeking the injunction presents evidence tending to sustain that cause of action, there is no abuse of discretion by the trial court in issuing the temporary injunction. *Walker v. Race*, 612 S.W.2d 685, 686 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). The trial court does not abuse its discretion when it bases its decision on conflicting evidence. *United Interests v. Sabel's T.V. Service, Inc.*, 698 S.W.2d 170, 172 (Tex. App.—Houston [14th Dist.] 1985, no writ).

■ In their first point of error appellants claim the trial court abused its discretion in issuing the temporary injunction because the order exceeded the relief requested by Guest. The trial court ordered appellants to refrain from holding the meeting scheduled for May 24, 1991, from continuing to solicit proxies mailed prior to the date of the order, and from voting any proxies obtained by the proxy solicitation conducted for the May 24, 1991 meeting. The order further required appellants to comply with sixteen specific directives concerning the shareholders meeting and the proxy solicitation. Appellants complain that fifteen of those items were not specifically requested by Guest in his petition for temporary injunction.

■ Each of the items complained of by appellants are necessary to give full effect to the injunction that was sought. The provisions require appellants to comply with United States or Canadian securities laws in conducting the rescheduled meeting and distributing the revised proxy statements. The order further prevents appellants and their agents or representatives from obstructing compliance with the appropriate securities laws and disseminating any false or misleading information in connection with the proxy solicitation. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending final trial of the case on the merits. *Keystone Life Ins. Co. v. Marketing Management, Inc.*, 687 S.W.2d 89, 90 (Tex.App.—Dallas 1985, no writ). We find nothing in the trial court's order that was not necessary to preserve the status quo or to give full effect to the injunction that was sought. Appellants' first point of error is overruled.

■ In their second point of error appellants claim the trial court abused its discretion in setting the amount of the bond at $500. Texas Rule of Civil Procedure 684 provides that, before granting a temporary injunction, the trial court shall require the applicant to post a bond in the sum fixed by the judge payable to the adverse party. The purpose of the bond is to secure payment to the party against whom the injunction is granted in the amount of damages that party would suffer if the injunction is subsequently dissolved. *Westside Airways, Inc. v. JR Aircraft Corp.*, 694 S.W.2d 100, 104 (Tex.App.—Houston [14th Dist.] 1985, no writ).

■ A temporary injunction issued without a bond is void. *Whitlow v. Polley*, 670 S.W.2d 318, 319 (Tex.App.—Tyler 1984, no writ). The failure to require a bond in a sufficient amount, however, does not render an injunction void. *El Paso Development Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex.App.—Corpus Christi 1987, no writ).

In advancing their point of error, appellants point to evidence that the cost of holding a second meeting would range from $5,000 to $20,000. They argue that a bond of $500 is insufficient to protect them from damages and costs they would suffer if the injunction was erroneously granted. A trial court has considerable discretion in setting the amount of bond for a temporary injunction. *Id.* at 888. The evidence here is conflicting on the potential damages to be suffered by appellants in holding a second meeting. There is nothing in the record to show that the bond is clearly insufficient. Appellants' second point of error is overruled.

In their third point of error appellants claim the trial court abused its discretion in granting the temporary injunction because the relief granted is contrary to the undisputed evidence. For Guest to prevail on his application for the issuance of a temporary injunction, he must (1) plead a cause of action, (2) prove a probable right to relief in a final trial, and (3) prove a probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968); *Dresser Industries, Inc. v. Forscan Corp.*, 641 S.W.2d 311, 314 (Tex.App.—Houston [14th Dist.] 1982, no writ).

Here, Guest pled causes of action for breach of the contract concerning the proxy solicitation and fraud concerning the proxy solicitation, among others. At the hearing on temporary injunction, Guest testified that he orally agreed with representatives of appellants that their lawyers and his lawyers would cooperate on a proxy solicitation, containing Guest's proposals, to be sent to the shareholders prior to the 1990 annual meeting. When appellants distributed proxy materials without Guest's proposals, Guest filed suit requesting a temporary injunction. Appellants removed that case to federal court before the hearing could be held in the trial court. The 1990 shareholders meeting took place without Guest's proposals being submitted to the shareholders.

After Guest's suit was remanded to state court, Guest again attempted to work with appellants and their representatives to pre-pare a proxy statement. Prior to the 1991 annual meeting, appellants again mailed a proxy statement to the shareholders that did not include Guest's proposals. That evidence shows a probable right to relief in a final trial of Guest's breach of contract and fraud causes of action.

The evidence further showed that Guest would probably suffer injury if the injunction were not granted. Appellants had already disseminated the proxy materials to the shareholders without Guest's proposals, and the shareholders would vote their shares at an annual meeting without the benefit of being able to choose between appellants' proposals and Guest's proposals.

Appellants argue that Guest's breach of contract action is meritless because his agreement referred only to the 1990 shareholders meeting and not the 1991 meeting. Appellants argue that, because Guest did not submit his proposals at the 1990 meeting, he has no contract with regard to the 1991 meeting. In their arguments, appellants ignore the fact that their actions were responsible for Guest's proposals not being submitted to the shareholders in 1990. We find that Guest met the requirements necessary to prove his entitlement to a temporary injunction. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.