Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion filed June 27, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01259-CV

____________

 

WILLIAM R. ANDERSON,
Appellant

 

V.

 

CMGP,
INC. D/B/A CRANEMANN, CRANEMANN, INC., SID MANN AND STEVE SOFOUL, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE INTEREST OF CMGP, INC. D/B/A CRANEMANN AND
CRANEMANN, INC., Appellees

 



 

On
Appeal from the 165th District Court  

Harris County, Texas

Trial
Court Cause No. 01-55208

 



 

O
P I N I O N

This
is an interlocutory appeal from a temporary injunction.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp. 2002).  In three points of error, appellant claims
(1) the temporary injunction is void ab initio, (2) appellees were
not entitled to the temporary injunction as a matter of law, and (3) the trial
court abused its discretion in granting the temporary injunction.  We affirm. 









Factual
and Procedural History

Appellees
CMGP, Inc. d/b/a CraneMann, (ACMGP@),
CraneMann, Inc. (ACraneMann@),  Sid Mann and Steve Sofoul,
individually and as representatives of CMGP and CraneMann,
filed suit against appellant William R. Anderson, for misappropriation of
corporate assets, usurping corporate opportunities, self dealing, breach of
fiduciary duty and fraud.

CMGP
is a Texas corporation in the business of selling an engineered-product-type
crane.  Anderson is the president.  Mann is a vice president and regional sales
manager, and Sofoul is a vice president, a member of
the board of directors and a director of sales. 
Initially, Anderson, Mann and Sofoul each held
an equal one-third of CMGP shares.  In
December 1998, in a deal handled by Anderson, CMGP bought an 8-acre section of
a 21-acre tract and Anderson bought the remaining 13-acres in his own
name.  In the summer of 1999, CMGP
experienced financial troubles and Anderson pledged part of his 13-acres as
additional collateral in order to restructure a CMGP loan at Sterling
Bank.  Based upon representations by Anderson
that he was pledging personal real estate to secure the loan, Mann and Sofoul entered into an Agreement of Shareholders, signed
January 2001, in which each conveyed 13 percent of his one-third interest in
the CMGP shares to Anderson, reducing their individual holdings to 20 percent
and increasing Anderson=s to 60 percent.  Mann
and Sofoul allege that in October 2001 they
discovered that Anderson had paid a much lower price for the land than he had
told them and that he used CMGP funds to pay for his personal 13 acres.  In addition, they alleged that Anderson
negotiated a lease agreement between CMGP and JAB Metal Fabricator=s
Sandblasting & Painting (AJAB@) while secretly holding an undisclosed interest in the JAB
partnership, and then took no action against JAB when it failed to make the
lease payments to CMGP.   








Mann
and Sofoul allege that when they confronted Anderson,
he fired them.  Sofoul
testified that Anderson said Ahe could not work under these conditions of the accusations
that were being made.@  Anderson then scheduled
a Aspecial
meeting of the shareholders@ for October 30, 2001, Ato elect a slate of Directors to serve on the company=s
Board of Directors, and such other business as may come before the board.@

Mann
and Sofoul filed suit October 25, 2001, and sought a
temporary injunction.  The trial court
heard evidence and granted a temporary injunction prohibiting Anderson from
convening the special meeting of the shareholders or from voting to elect any
slate of directors until adjudication on the merits of the suit.  The order further prohibits Anderson from
restricting Mann and Sofoul=s
access to daily reports or from making transactions outside the ordinary course
of business.  This interlocutory appeal
followed. 

Texas
Rule of Civil Procedure Section 683

In
his first point of error, Anderson argues that the order is void ab initio for
failure to satisfy section 683 of the Texas Rules of Civil Procedure.  A valid order for a temporary injunction must
(1) state the reasons for the injunction=s issuance by defining the injury and describing why it is
irreparable; (2) define the acts sought to be enjoined Ain
clear, specific and unambiguous terms so that such person will readily know
exactly what duties or obligations are imposed upon him;@
and (3) set the cause for trial on the merits and fix the amount of the
bond.  See Tex. R. Civ. P. 683; InterFirst
Bank San Felipe, N.A. v. Paz Constr. Co., 715
S.W.2d 640, 641 (Tex. 1986).  An
injunction decree must be as definite, clear and precise as possible and, when
practicable, it should inform the person enjoined of the acts he is restrained
from doing, without calling for inferences or conclusions about which persons
might well differ and without leaving anything for further hearing.  San Antonio Bar Ass=n
v. Guardian Abstract & Title Co.,
291 S.W.2d 697, 702 (1956).  However, the
injunction must be broad enough to prevent repetition of the evil sought to be
stopped, whether the repetition be in a form identical to that employed prior
to the injunction or in a somewhat different form calculated to circumvent the
injunction as written.  Id.

Anderson
argues that the order concludes that Aharm is imminent@ without providing any specific rationale for the finding.  However, the order states:  








Irreparable injury will result due to the
loss of sales equipment by Sid Mann and Steve Sofoul
which will in all likelihood lead to critical financial problems and potential
bankruptcy of the company.  There is a strong
likelihood that Sterling Bank will call the outstanding note resulting in the
loss of unique and irreplaceable real property.

 

The order further details the acts enjoined: Anderson could not
proceed with a special meeting on December 4, 2001; or any other special
meeting to elect a slate of directors to serve on the company=s
board of directors; could not interfere with Mann or Sofoul=s
obtaining daily CMPG  reports; could not
make any financial or business transactions outside the normal course of
business, all until there had been an adjudication on the merits in this
action.  The order includes a set date
for trial and fixed the bond amount.  

 We find that the order provides a specific
rationale for its issuance and lists the prohibited actions in accordance with
the requirements of section 683. 
Accordingly, Anderson=s first point of error is overruled.  

The Temporary
Injunction 








In
Anderson=s
second and third points of error he argues that appellees
were not entitled to the temporary injunction as a matter of law and that the
trial court abused its discretion in granting the order.  The purpose of a temporary injunction order
is to preserve the status quo pending a trial on the merits.  Walling v. Metcalfe, 863 S.W.2d 56, 57
(Tex. 1993).  The party requesting the
temporary injunction must show (1) a viable cause of action; (2) a probable
right to recovery; and (3) a probable, imminent, and irreparable injury in the
interim.  Id.  The decision to grant or deny a temporary
writ of injunction lies in the sound discretion of the trial court, and the
court=s
grant or denial is subject to reversal only for a clear abuse of that
discretion.  Id. at 58.  The trial court abuses its discretion when it
acts arbitrarily and unreasonably acts without reference to guiding rules or
principles, or misapplies the law to the established facts of the case.  See Baywood
Country Club v. Estep, 929 S.W.2d 532, 535 (Tex. App.CHouston
[1st Dist.] 1996, writ denied).  In
reviewing the trial court=s action, we draw all legitimate inferences from the evidence
in a manner most favorable to the trial court=s judgment.  Resolution
Trust Corp. v. Chair King, Inc., 827 S.W.2d 546, 548 (Tex. App.CHouston [14th Dist.] 1992, no writ).  The
merits of the underlying case are not presented for review, and this court may
not substitute its judgment for that of the trial court.  See Davis v. Huey, 571 S.W.2d 859, 861‑62
(Tex. 1978).  The burden of proof is on
the litigants attacking the trial court=s action. Garcia‑Marroquin
v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 379 (Tex. App.CCorpus Christi 1999, no pet.)








 In this case, Mann and Sofoul
brought suit individually and as representatives of CMGP and CraneMann against Anderson for misappropriation of
corporate assets, usurping corporate opportunities, self dealing, breach of
fiduciary duty and fraud.  Our analysis
begins  by determining whether Mann and Sofoul pled a viable cause of action.  See Walling, 863 S.W.2d at 57; see
also Davis, 571 S.W.2d at 862 (finding Athe trial court judgment must be upheld on any legal theory
supported by the record.@).  The elements of
common law fraud include (1) a material representation; (2) made with knowledge
of its falsity or made recklessly without any knowledge of the truth and as a
positive assertion; (3) made with the intention that it should be acted on by
the other party; and (4) under circumstances in which the other party acted in
reliance on the representation and thereby suffered injury.  See Johnson & Higgins v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.
1998).  The trial court heard evidence
that Anderson misrepresented the facts surrounding his personal acquisition of
13-acre tract.[1]  Additionally, the court heard that Anderson
claimed the land used as collateral for the loan was his personal property in
order to have Mann and Sofoul enter into the
shareholder=s agreement.  Moreover,
the language of the shareholder=s agreement shows that Mann and Sofoul
acted in reliance on Anderson=s representation that his personal land was used for collateral
in consideration for conveying their shares, causing them to suffer the loss of
their equal shares.  The trial court does
not abuse its discretion in issuing a temporary injunction when, as in this
case, the original petition alleges a cause of action and the party seeking the
injunction presents evidence tending to sustain the cause of action.  See RP&R, Inc. v. Territo,
32 S.W.3d 396, 400 (Tex.
App.CHouston [14th Dist.] 2000, no pet.).  

Further,
Mann and Sofoul are entitled to preservation of the
status quo pending trial on the merits.  See
Walling, 863 S.W.2d at 57-58.  The
trial court was presented evidence that appellees
will suffer a probable and irreparable injury if Anderson is permitted to hold
a special meeting of shareholders for the purpose of electing a slate of
directors that would be under his control. 
They sought to prevent Anderson from conducting financial affairs that
would bankrupt CMGP; specifically that Athere is a strong likelihood that Sterling Bank will call the
outstanding note resulting in the loss of unique and irreplaceable real
property@Bin DecemberBbefore the trial on the merits. 
The irreparable injury is the permanent loss of the land.  While a cause of action for damages may
exist, however, such a remedy at law does not prevent the issuance of a
temporary injunction when the ownership of real estate is at issue. AWhen
ownership of real estate is at issue, existence of a cause of action for
damages is no basis for denying equitable relief.@  El Paso Development
Co. v. Berryman, 729 S.W.2d 883, 888 (Tex. App.CCorpus Christi
1987, no writ); see Irving Bank & Trust Co. v. Second Land Corp.,
544 S.W.2d 684, 688 (Tex.
App.CDallas
1976, writ ref=d n.r.e.).








Finally,
Anderson argues that the trial court abused its discretion by issuing an order
that exceeds the requested relief.  The
record shows that the trial court refined the temporary injunction to deny some
of the relief that appellees had requested.  The trial court deleted the requested
provision that would have preserved Mann and Sofoul=s
employment and pending sales, but added the provision that gave them access to
the daily reports.  The trial court also
deleted a portion of the requested order that would have granted Mann and Sofoul additional powers over CMGP=s
business affairs, but added language that limited Anderson=s
ability to make financial transactions except those made in the ordinary course
of business.  Generally, a court is
without jurisdiction to grant relief beyond and in addition to that
particularly specified. See Fairfield v. Stonehenge Ass=n
Co., 678 S.W.2d 608, 611 (Tex. App.CHouston [14th Dist.] 1984, no writ).  However
a trial court does not abuse its discretion if it grants a temporary injunction
that exceeds the relief the applicant seeks as long as the items complained of
are necessary to give full effect to the injunction sought.  See Biodynamics,
Inc. v. Guest, 817 S.W.2d 128, 130 (Tex. App.CHouston [14th Dist.]
1991, writ dism=d by agr.).

We
find that the injunctive relief granted was necessary to preserve the status
quo and to give full effect to the injunctive relief sought.  Thus the trial court did not abuse its
discretion.  Accordingly, Anderson=s
second and third points of error are overruled.

The
judgment of the trial court is affirmed. 


 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed June
27, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  Anderson
argues in his brief the merits of the transactions.  However, we are not permitted to review the
merits of the underlying case.  Davis,
571 S.W.2d at 862.  Further, an abuse of
discretion does not exist if the trial court heard conflicting evidence, and
substantive, probative evidence appears in the record that reasonably supports
the trial court=s decision.  Id.