**GTE MOBILNET OF SOUTH TEXAS LIMITED PARTNERSHIP d/b/a Verizon Wireless, Appellant**

v.

**CELLULAR MAX, INC., Appellee.**

No. 09–03–141 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 16, 2003.

Decided Dec. 18, 2003.

Steven M. Zager, Robert H. Pemberton, Jennifer E. Brown, Akin Gump Strauss Hauer & Feld, LLP, Austin, Carl A. Parker, Parker & Parks, LLP, Port Arthur, for appellant.

Kip Lamb, K. Leigh Parker, Lamb Law Firm, William H. Yoes, Yoes Law Firm, Jon B. Burmeister, Moore & Landry, LLP, Tim Ferguson, Ferguson Firm, Beaumont, for appellee.

Before McKEITHEN, C.J., DON BURGESS and HILL [3], JJ.

## OPINION

DON BURGESS, Justice.

GTE Mobilnet of South Texas Limited Partnership, d/b/a Verizon Wireless (Veri-

zon) filed a petition for writ of mandamus (No. 09–03–172–CV) and an interlocutory appeal (No. 09–03–141–CV), both of which arise from orders entered by the 60th District Court. In an order signed February 25, 2003, Judge Gary Sanderson denied Verizon's motion to compel arbitration. That same day, Judge Sanderson also entered a temporary injunction.

As noted in the companion case, *In re GTE Mobilnet of South Texas Ltd. Partnership d/b/a Verizon Wireless,* 123 S.W.3d 795, No. 09–03–172–CV (Tex.App.-Beaumont December 18, 2003, no pet. h.)(not yet released for publication), the order denying arbitration was properly contested by mandamus. However, an order granting a temporary injunction is subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (Vernon Supp.2004). Accordingly, in this opinion we address the question of whether the trial court erred in granting the temporary injunction.

In our opinion *In re GTE Mobilnet of South Texas Ltd. Partnership d/b/a Verizon Wireless,* 123 S.W.3d 795, No. 09–03–172–CV (Tex.App.-Beaumont December 18, 2003, no pet. h.)(not yet released for publication), we held the trial court erred in refusing to compel arbitration. Verizon contends that in accordance with *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 754 (Tex.2001) (orig.proceeding), the trial court had no discretion to take any action other than to compel arbitration and stay its own proceedings. Our finding that the trial court erred in denying the motion to compel arbitration does not, by itself, require reversal of the injunction. *See Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith,*

---

**3.** The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

*Inc.,* 777 F.Supp. 1349, 1353 (N.D.Tex. 1991), *aff'd without op.,* 948 F.2d 1286 (5th Cir.1991), *cert. denied,* 504 U.S. 930, 112 S.Ct. 1994, 118 L.Ed.2d 590 (1992); and *Ortho Pharmaceutical Corp. v. Amgen, Inc.,* 882 F.2d 806, 812–14 (3rd Cir.1989). We therefore address the merits of Verizon's challenge to the injunction.

The trial court enumerated various acts from which Verizon was to refrain. One of those acts was to refrain from proceeding with arbitration. As noted above, we have already determined the trial court erred in not compelling arbitration. Consequently, the trial court abused its discretion in enjoining Verizon from proceeding with or participating in arbitration of the matters at issue in this lawsuit. That portion of the order is reversed.

Verizon further complains of those portions of the injunction wherein the trial court ordered Verizon to refrain from failing to abide by the terms of the contract, and from withholding normal and established compensation to Cellular Max.[1] Verizon does not challenge the remainder of the injunction. Therefore those portions are affirmed.[2]

■ In *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002) (citations omitted), the Texas Supreme Court summarized:

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. A temporary injunction is an extraordinary remedy and does not issue as a matter of right. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard.

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion.

Verizon contests the establishment of the second two elements. Verizon argues Cellular Max did not establish a probable right to the relief sought because Verizon's actions were lawful under the contract. Verizon contends, "[a]s a matter of law, Cellular Max never established any basis for defeating Verizon Wireless' lawful contractual rights...."

■ Whether or not Cellular Max can defeat the contract is the heart of this case. Cellular Max has pleaded, and presented evidence of, grounds to avoid the contract. Its ultimate success or failure is a decision for the arbitrator, not this court. "For a temporary injunction to be issued, a party must plead and prove a probable injury if temporary equitable relief is denied, and a probable right to recovery; the party need not establish final success in the litigation. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *Crossland Sav. Bank FSB v. Constant,* 737 S.W.2d 19, 20 (Tex.App.-Corpus Christi 1987, no writ)." *Haq v. America's Favorite Chicken Co.,* 921 S.W.2d 728, 730 (Tex.App.-

---

**1.** Acts designated 4 and 2, respectively.

**2.** Specifically, acts designated 1, 3 and 5.

Corpus Christi 1996, writ dism'd w.o.j.). Based on the pleadings and the evidence adduced, the trial court's finding that Cellular Max showed a probable right to recovery is not arbitrary or unreasonable.

 Verizon further argues Cellular Max did not establish a probable, imminent, and irreparable injury. Verizon concedes that Cellular Max asserted injuries which would not be adequately compensated by monetary damages. Moreover, a legal remedy is inadequate if the award of damages may come too late. *T–N–T Motorsports, Inc. v. Hennessey Motorsports, Inc.,* 965 S.W.2d 18, 24 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Verizon argues the impact of reducing residual compensation is minimal but ignores the remainder of the order enjoining Verizon from acts which would interfere with Cellular Max's continued operations. Cellular Max presented evidence it would go out of business absent the temporary relief. Accordingly, we find the trial court did not abuse its discretion in finding Cellular Max demonstrated a probable, imminent and irreparable injury in the interim.

▆ Verizon further contends the bond is inadequate. The trial court found the bond amount should remain fixed at $1,000. Verizon asks this court to increase the bond amount to at least $912,000, which it claims represents the low estimate of Verizon's damages for wrongful injunction.

▆ "A trial court has considerable discretion in setting the amount of bond for a temporary injunction." *Biodynamics, Inc. v. Guest,* 817 S.W.2d 128, 131 (Tex.App.-Houston [14th Dist.] 1991, writ dism'd by agr.). The evidence here is conflicting on the potential damages to be suffered by Verizon but, at a minimal, they greatly exceed $1,000. We therefore find the bond is clearly insufficient. That portion of the order fixing bond at $1,000 is reversed and remanded to the trial court for the setting of a new bond amount.

The trial court's order granting the temporary injunction is REVERSED IN PART; AFFIRMED IN PART; REVERSED AND REMANDED IN PART.