

## IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00026-CV

**HANI AL-WAHBAN, OMAR AL-WAHBAN,
AND MUSTAFA AL-WAHBAN,**

**Appellants**

**v.**

**YOUSUF HAMDAN, INDIVIDUALLY AND
DERIVATIVELY AS A SHAREHOLDER OF
HANIS TEXAS TIRES 19, INC.,
D/B/A TEXAS TIRES OF WACO,**

**Appellees**

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2018-4322-5**

## MEMORANDUM OPINION

In four issues, appellants, Hani Al-Wahban, Omar Al-Wahban, and Mustafa Al-

Wahban, challenge a temporary injunction granted in favor of appellee, Yousuf Hamdan,

individually and derivatively as a shareholder of Hanis Texas Tires 19, Inc. d/b/a Texas

Tires of Waco (collectively "Yousuf"). Because we conclude that the trial court did not abuse its discretion by issuing the temporary injunction, we affirm.

## I.    BACKGROUND

This case involves a dispute over compensation between Yousuf and appellants, the owners of Texas Tires—a business that generally provides a variety of wheel and tire customization options, as well as other automobile services, for customers. Appellants jointly own thirty-eight stores located throughout Texas, including a store in Waco, Texas, that serves as the basis for this dispute.

Yousuf had previously worked at several other Texas Tire stores. While working for his brother, David Hamdan, at a Texas Tires store in Euless, Texas, Yousuf received an offer from his friend, Hani, to manage a new Texas Tires location in Waco. According to Hani, Yousuf's compensation was twenty-five percent of the store profits after the opening costs of the store were recouped, with David receiving five percent as a referral fee and Yousuf receiving the remaining twenty percent. Yousuf agreed to this arrangement and began working at the Waco Texas Tires store in late April 2017.

Yousuf claims "he is a shareholder in and sits on the Board of Directors" of Texas Tires of Waco; however, appellants "claim [Yousuf] was never a shareholder and did not sit on the Board of Directors in Texas Tires of Waco; rather, [appellants] claim [Yousuf] was an employee of Texas Tires of Waco."

Hani noted in his testimony at the temporary-injunction hearing that the Waco Texas Tires store opened in the middle of March 2017, and that it was initially managed by Jaime Limas. Hani set up the store, including the inventory, computers, and equipment, prior to opening. Hani trained both Limas and Yousuf on how to run the business.

Yousuf managed the Waco Texas Tires store from late April 2017 to August 2018, when he was asked to pay for tools that an audit revealed were missing. Yousuf refused to pay the "fines," and appellants removed Yousuf from his management position. This resulted in the cessation of Yousuf receiving any share of the profits from the Waco Texas Tires store.

Approximately four months later, on December 4, 2018, Yousuf filed suit "for all purposes, individually and derivatively as a shareholder of Hanis Texas Tires 19, Inc. d/b/a Texas Tires of Waco" against appellants, alleging causes of action for violations of the Texas Business Opportunity Act, breach of fiduciary duty, conversion, negligent misrepresentation, and unjust enrichment and restitution. Yousuf also requested a declaration that he "is a 25% shareholder and owns 250 of the outstanding 1,000 shares of Hanis Texas Tires 19, Inc."; he "is a director of Hanis Texas Tires 19, Inc."; and he "retains all rights, privileges, and ownership interest associated with his status of a director and shareholder." Additionally, Yousuf requested injunctive relief against

appellants, including a temporary restraining order that was granted by the trial court and a subsequent temporary or permanent injunction.

Appellants responded by filing a motion to transfer venue, an original answer, special exceptions, a request for disclosure, a motion to dismiss under Texas Rule of Civil Procedure 91a, and, among other things, a verified motion to deny injunctive relief. *See* TEX. R. CIV. P. 91a.

After a hearing, the trial court granted Yousuf's request for a temporary injunction. This accelerated, interlocutory appeal followed.

## II.    STANDARD OF REVIEW

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993)). The question before the trial court is whether the applicant is entitled to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id.*; *see State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975) (defining status quo as the "last, actual, peaceable, non-contested status that preceded the pending controversy"); *see also Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 882 (Tex. App.—Dallas 2003, no pet.) (noting that the underlying merits of the controversy are not legal issues pending before the trial court during a temporary-injunction hearing). "To be entitled to a temporary injunction, the applicant must plead a cause of action and show a probable right to recover on that cause of action and a

probable, imminent, and irreparable injury in the interim." *Fox v. Tropical Warehouses, Inc.*, 121 S.W.3d 853, 857 (Tex. App.—Fort Worth 2003, no pet.) (citing *Butnaru*, 84 S.W.3d at 204).

We review a temporary injunction for an abuse of discretion. *See Butnaru*, 84 S.W.3d at 204. A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner or without reference to any guiding rules and principles. *Id.* at 211. We will not disturb the trial court's decision to grant injunctive relief absent a clear abuse of discretion. *Reagan Nat'l Advert. v. Vanderhoof Family Tr.*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.). Our scope of review is limited to the validity of the order granting or denying the temporary injunction. *See id.* When reviewing the order, we view the evidence in the light most favorable to the order, indulging every reasonable inference in its favor, and "determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion." *Fox*, 121 S.W.3d at 857. "A trial court does not abuse its discretion if it bases its decision on conflicting evidence and evidence in the record reasonably supports the trial court's decision." *Id.*

### III.  IMMINENT AND IRREPARABLE INJURY

In their first issue, appellants argue that the trial court abused its discretion by issuing the temporary injunction absent evidence establishing imminent and irreparable harm. We disagree.

As noted above, to obtain a temporary injunction, Yousuf was required to plead and prove, among other things, a probable, imminent, and irreparable injury in the interim. *See Butnaru*, 84 S.W.3d at 204. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)); *see Tex. Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex. App.—Houston [1st Dist.] 1992, no writ) (noting that an applicant for injunctive relief must establish damages are incapable of calculation or the party sought to be enjoined is incapable of responding in damages).

The requirements of an irreparable injury and an inadequate remedy at law are intertwined under Texas case law. *See Wright v. Scott Supply Grp., Inc.*, 137 S.W.3d 289, 294 (Tex. App.—Beaumont 2004, no pet.). "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Butnaru*, 84 S.W.3d at 210. "An adequate remedy is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief." *Wilson N. Jones Mem'l Hosp. v. Huff*, 188 S.W.3d 215, 218 (Tex. App.—Dallas 2003, pet. denied) (citing *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.—Houston [1st Dist.] 2003, no pet.)).

In the instant case, Yousuf proffered evidence demonstrating that he is a 25% shareholder of the Waco Texas Tires store and, thus, is entitled to 25% of the store's profits

on a monthly basis. This was shown by the production of a Schedule K-1 form filed with the IRS that identified Yousuf as a 25% shareholder. Furthermore, the record also shows that appellants attempted to hold a board meeting and invited Yousuf to the meeting as a board member.

With regard to the profitability of the Waco Texas Tires store, Yousuf relies on the following testimony of Hani:

Q [Appellants' counsel]:   So has the business, since Yousuf left, has it turned a profit?

A [Hani]:   No. Either we shut it down or just find somebody and just pay them as much as they want at least to run it, until we figure this out.

. . .

Q [Yousuf's counsel]:   Mr. Al-Wahban, did you just say that you may have to shut down Texas Tires of Waco?

A:   Pretty much. I mean who is going to run it? Me? I got 30 other operations to work.

Hani also testified that the new family running the Waco Texas Tires stores has "an entire folder of nothing but problems and mistakes and stuff like that we're having to fix. So there's a lot of issues."

The above-mentioned testimony shows that the Waco Texas Tires stores has not generated a profit and that appellants may shut down the Waco Texas Tires store. Shutting down the store would affect the calculation of Yousuf's purported damages and, thus, the status quo of the litigation's subject matter pending trial on the merits. *See*

*Butnaru*, 84 S.W.3d at 204; *see also Sw. Bell Tel. Co.*, 526 S.W.2d at 528; *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 228 (Tex. App.—Fort Worth 2009, pet. denied) ("Disruption to a business can be irreparable harm." (internal citations omitted)); *Tex. Indus. Gas*, 828 S.W.2d at 533.  Appellants emphasize that they can pay Yousuf out of their own pockets, if necessary.  However, this argument is inconsequential because Yousuf's purported damages are premised on his shareholder status, which are calculated based on the valuation of the Waco Texas Tires store and its profits.  We therefore conclude that Yousuf's evidence constitutes more than a fear, apprehension, or speculation of a claimed injury.  *See Fox*, 121 S.W.3d at 861 ("An injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction." (citing *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh'g))).

Appellants point to Yousuf's testimony, wherein he admitted that he does not have any reason to believe that the company will struggle to pay him the amount he alleges he is owed.  He also agreed that the company has assets to pay him and that he is not aware of any significant financial event that impacts or changes the finances of the company in the next few months.  He also acknowledged that he waited four months after the termination of his employment to file this lawsuit.  Furthermore, at another point in his testimony, Hani stated that the Waco Texas Tires store was "performing good."

The conflicts in the evidence relied upon by appellants are for the factfinder—here, the trial court—to resolve and cannot serve as the basis for concluding that the trial court abused its discretion by granting the temporary injunction. *See State Bd. of Ins. v. Prof'l & Bus. Men's Ins. Co.*, 359 S.W.2d 312, 321-22 (Tex. Civ. App.—Austin 1962, writ ref'd n.r.e.) (explaining that, at a temporary-injunction hearing, the trial court is the judge of the credibility of testimony and the weight to be given thereto); *see also Taylor v. Vela*, No. 01-17-00370-CV, 2018 Tex. App. LEXIS 1180, at *9 (Tex. App.—Houston [1st Dist.] Feb. 13, 2018, no pet.) (mem. op.) (noting that questions of credibility are left to the trial court, and the reviewing court will not conclude that the trial court abused its discretion in resolving a request for a temporary injunction based on its resolution of conflicting evidence) (citing *Regal Entm't Grp. v. iPic-Gold Class Entm't, LLC*, 507 S.W.3d 337, 351 (Tex. App.—Houston [1st Dist.] 2016, no pet.)). Moreover, we must be mindful of the governing standard of review, which requires us to view the evidence in the light most favorable to the order, indulging every reasonable inference in its favor. *See Fox*, 121 S.W.3d at 857. In doing so, we cannot say that the order was so arbitrary that it exceeded the bounds of reasonable discretion with regard to a probable, imminent, and irreparable injury in the interim. *See id.* Accordingly, we overrule appellants' first issue.

## IV.    PROBABLE RIGHT TO RELIEF SOUGHT

In their second issue, appellants complain that the trial court abused its discretion by granting the temporary injunction without a showing by Yousuf of a probable right to the relief sought.  Once again, we disagree.

In his original petition, Yousuf asserted causes of action for violations of the Texas Business Opportunity Act, breach of fiduciary duty, conversion, fraud, negligent misrepresentation, and unjust enrichment/restitution.  The record contains evidence supporting a probable right to relief as to several of these causes of action.  Specifically, Yousuf testified that he was told that he would have a 25% ownership interest in the Waco Texas Tires store in exchange for "[c]oming in the location, handling the everyday day-to-day operations, A to Z turnkey, until lights are off 7 days a week."  Yousuf further explained that,

> initially upon partnership, it was understood that payment wouldn't be received until, uh, my share of the cost, uh, was covered.  Uh, upon which, once that was complete, uh, then a 25% draw or "pull," as we called it, would be disbursed monthly like clock[]work almost; right on the same time the beginning of the month.

Additionally, a telephone conversation between Yousuf and Hani was admitted into evidence, wherein Hani told Yousuf that he was entitled to 25% of the profit.

However, despite the foregoing, Hani testified that Yousuf has no ownership interest whatsoever in the Waco Texas Tires store and that the Schedule K-1 demonstrating Yousuf's shareholder status was filed by mistake.  Accordingly,

appellants have refused to pay Yousuf any share of the profits of the Waco Texas Tires store.

"A probable right to recover is shown by alleging a cause of action and presenting evidence tending to sustain it." *Burgess v. Denton County*, 359 S.W.3d 351, 356 (Tex. App.—Fort Worth 2012, no pet.) (citing *Frequent Flyer Depot, Inc.*, 281 S.W.3d at 220). Yousuf has alleged a number of causes of action, especially his fraud, negligent misrepresentation, unjust enrichment, breach of fiduciary duty, for which he presented evidence tending to sustain the causes of action, including the agreement of the parties that Yousuf would manage the Waco Texas Tires store in exchange for 25% of the profits, the Schedule K-1 identifying Yousuf as a shareholder, and the refusal of appellants to pay Yousuf a share of the profits from the Waco Texas Tires store despite Yousuf's service as manager of the store. *See id.*; *see also Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (noting the elements for proving a cause of action for negligent misrepresentation); *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (explaining the elements of a quantum-meruit claim founded on unjust enrichment); *Beck v. Law Offices of Edwin J. Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App—Austin 2009, no pet.) (outlining the elements of a breach-of-fiduciary-duty claim); *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 (Tex. App.—Waco 1998, pet. denied) (stating the elements for proving a cause of action for common-law fraud). Therefore, because there is some evidence tending to sustain several of Yousuf's causes of action, we cannot

say that the trial court abused its discretion by implicitly concluding that Yousuf has a probable right to relief in this case. *See Burgess*, 359 S.W.3d at 356. As such, we overrule appellants' second issue.

## V. THE PRECISE RELIEF SOUGHT

In their third issue, appellants argue that the trial court exceeded its jurisdiction by entering an injunction that did not align with the precise relief sought. Appellants also complain that Yousuf failed to show that appellants intended to engage in the conduct sought to be enjoined.

In section 61 of his original filing, Yousuf made numerous requests for injunctive relief. Among his many requests, Yousuf sought to prevent appellants from making distributions of cash unless Yousuf also receives his 25% portion of any total distributable amount. Similarly, in its order, the trial court specifically enjoined appellants as follows:

> a. Defendants, including their officers, agents, servants, employees, and/or representatives, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are prohibited from distributing 25% of the profit of Hanis Texas Tires 19, Inc., and shall hold such in trust in Hanis Texas Tires 19, Inc.'s bank account until further order of the court . . . .

This requirement aligns the objective of Yousuf's request and ensures that appellants may continue running the Waco Texas Tires store to their benefit. The fact that the order requires the 25% share of the profits purportedly owed to Yousuf to be held in trust in Hanis Texas Tires 19, Inc.'s own bank account does not render the temporary-injunction

order improper. *See Biodynamics, Inc. v. Guest*, 817 S.W.2d 128, 130 (Tex. App.—Houston [14th Dist.] 1991, writ dism'd by agr.) (concluding that a trial court does not abuse its discretion if it grants a temporary injunction that exceeds the relief the applicant seeks if the items complained of are necessary to maintain the status quo or give full effect to the injunction that was sought). Further, the trial court's order in this regard is, arguably, less restrictive than the relief requested by Yousuf in his original petition, and this provision helps to maintain the status quo.

In addition to the foregoing, Yousuf also requested that appellants be mandated to provide him with "any and all records reasonably necessary to determine whether Hanis Texas Tires 19, Inc. has made distributions . . . from August 1, 2018 through December 1, 2018" and "true, correct, complete, and accurate books and records of Hanis Texas Tires 19, Inc. . . . on or before December 18, 2018." These requests correspond with subpart (b) of the trial court's temporary-injunction order, which provides: "Defendants shall provide (or cause to provide) Plaintiff with true, correct, and accurate copies of the financial books, records, and bank account statements for Hanis Texas Tires 19, Inc. on a monthly basis . . . ." Subpart (b) of the trial court's temporary-injunction order aligns with the requests made by Yousuf and helps maintain the status quo pending the final trial on the merits.

And finally, in his requests for injunctive relief, Yousuf also sought to prohibit appellants from "tampering with, altering . . . and/or destroying the financial books and

records of Hanis Texas Tires 19, Inc." Subpart (c) of the trial court's temporary-injunction order specifically stated that:

> Defendants, including their officers, agents, servants, employees, and/or representatives, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are prohibited from tampering with, altering (exclusive of incorporating any new or additional information reasonably necessary to record ongoing transactions incurred in the ordinary course of business), and/or destroying the financial books and records of Hanis Texas Tires 19, Inc.

Like before, the language contained in the trial court's temporary-injunction order aligns with the requests for injunctive relief made by Yousuf and helps maintain the status quo. Contrary to appellants' assertions, these provisions of the temporary-injunction order substantially mirror that which was requested by Yousuf in his request for injunctive relief.

To the extent that appellants assert that the evidence does not support the above-mentioned provisions of the trial court's temporary-injunction order, we note that the record contains testimony from Hani indicating that the Waco Texas Tires store is not profitable and may have to be closed. Although Hani also mentions that the Waco Texas Tires store in under new management and is "performing good," such conflicts in the evidence are for the trial court to resolve because it involves a determination of credibility and demeanor. *See State Bd. of Ins.*, 359 S.W.2d at 321-22; *see also Taylor*, 2018 Tex. App. LEXIS 1180, at *9 (citing *Regal Entm't Grp.*, 507 S.W.3d at 351).

Therefore, viewing all of the evidence in the light most favorable to the trial court's order and indulging every reasonable inference in its favor, we cannot say that the trial court exceeded its jurisdiction by entering an injunction that did not align with the precise relief sought. *See Fox*, 121 S.W.3d at 857; *see also Biodynamics, Inc.*, 817 S.W.2d at 130; *Fairfield v. Stonehenge Ass'n Co.*, 678 S.W.2d 608, 611 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("It is generally stated that, in order to warrant a court of equity to grant injunctive relief, the applicant must specific the precise relief sought and that a court is without jurisdiction to grant relief beyond and in addition to that particularly specified." (internal citations omitted)). Accordingly, we overrule appellant's third issue.

## VI. THE CORPORATION AS A "NECESSARY PARTY"

In their fourth issue, appellants contend that the trial court abused its discretion by issuing a temporary injunction that enjoined a corporation—Hanis Texas Tires 19, Inc.—that is not a party to the lawsuit. Ostensibly, appellants argue that Hanis Texas Tires 19, Inc., was a "necessary party" that should have been joined in this lawsuit.

At the outset, we will address Yousuf's contention that appellants waived this issue. A defect of parties is waived unless raised by a verified pleading. TEX. R. CIV. P. 93(4); *see Allison v. Nat'l Union Fire Ins. Co.*, 703 S.W.2d 637, 638 (Tex. 1986) (per curiam); *see also Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) ("We have not hesitated in previous cases to hold that parties who do not follow rule 93's mandate waive any right to complain about the matter on appeal."). A review of the

record shows that, in their verified motion to deny injunctive relief, appellants asserted that the TRO "restrains the named Defendants **AND** the Corporation, which has not been made a party to this case. Plaintiff has wrongfully inserted the Corporation into the TRO without including the Corporation as a party to the lawsuit." (Emphasis in original). This language properly raised the issue of whether Hanis Texas Tires 19, Inc. was a "necessary party" in the trial court. As such, we conclude that this issue was properly preserved for appellate review. *See* TEX. R. CIV. P. 93(4); *see also Nootsie, Ltd.*, 925 S.W.2d at 662; *Allison*, 703 S.W.2d at 638.

> The general rule in Texas is that individual stockholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock. Accordingly, an action for such injury must be brought by the corporation, not individual shareholders. When a shareholder brings a derivative action on behalf of a closely held corporation, however, the trial court may treat the derivative action as a direct action brought by the shareholder for his own benefit and award recovery directly to the shareholder if justice requires.

*Guajardo v. Hitt*, 562 S.W.3d 768, 780 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (internal citations & quotations omitted).

In derivative proceedings, "'the controversy is between the corporation and the fraudulently acting officers and directors. It (the corporation) is really the complainant in the suit . . . .'" *Tex. Soc'y, Daughters of The Am. Revolution, Inc. v. Fort Bend Chapter, The Nat'l Soc'y of the Am. Revolution*, 590 S.W.2d 156, 160 (Tex. App.—Texarkana 1979, writ ref'd n.r.e.) (quoting *Providential Inv. Corp. v. Dibrell*, 320 S.W.2d 415, 418 (Tex. Civ. App.—

Houston [1st Dist.] 1959, no writ)).  Furthermore, section 21.563 of the Texas Business Organizations Code provides that a closely-held corporation has "fewer than 35 shareholders" and "no shares listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national securities association."  TEX. BUS. ORGS. CODE ANN. § 21.563(a) (West 2012).

In the instant case, Yousuf brought this lawsuit derivatively as a shareholder of Hanis Texas Tires 19, Inc. d/b/a Texas Tires of Waco.—a closely-held corporation that has fewer than thirty-five shareholders and is not listed or regularly quoted on any national securities exchange or over-the-counter market.  *See id.*  Therefore, in accordance with Texas case law and section 21.563(c) of the Business Organizations Code, Yousuf, as an alleged shareholder of Hanis Texas Tires 19, Inc., is permitted to bring a derivative action on behalf of the corporation, and the trial court could treat the derivative action as a direct action brought by Yousuf for his own benefit.  *See Guajardo*, 562 S.W.3d at 780; *see also* TEX. BUS. ORGS. CODE ANN. § 21.563(c); *Sneed v. Webre*, 465 S.W.3d 169, 181 (Tex. 2015).  As such, we cannot say that the parties are improperly aligned.

Moreover, the temporary injunction does not threaten the corporation or bar it from normal operations; rather, it merely seeks to maintain the status quo.  The actions enjoined in this case are only against appellants who own and control the corporation, not the corporation itself.  Thus, based on the foregoing, we overrule appellant's fourth issue.

## VII. CONCLUSION

Having overruled all of appellants' issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed June 12, 2019
[CV06]

